# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1]<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 10-11780 (KJC)<br><br>(Jointly Administered) |

## LIMITED OBJECTION OF COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE ENTRY OF A FINAL DIP ORDER

The Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned proposed counsel, hereby submits this limited objection (the "Objection") to the Proposed Final Order (A) Authorizing Debtors to Obtain Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§105 and 364(c); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. §362; (C) Authorizing Debtors to Enter Into Agreements With Wachovia Capital Finance Corporation (New England) ("Lender") ("Final DIP Order"), and in support thereof, represents as follows:

1.  On June 10, 2010 (the "Formation Date"), the Office of the United States Trustee ("UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

2.  On June 10, 2010, the Committee selected Montgomery, McCracken, Walker & Rhoads, LLP counsel to the Committee.

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

3.  The Committee objects on a limited basis to the entry of the Final DIP Order to the extent it grants a lien to the Lender on avoidance actions. While at this time, the Committee is uncertain as to the extent that avoidance actions exist in these cases, liens on such actions are disfavored generally in this District and others. If any avoidance actions exist, they should be analyzed and reserved for the benefit of the Debtors' estates and their creditors.

4.  Moreover, the security and other interests being granted to the Lender to secure the proposed financing are more than adequate in light of the strong financial position of the non-Debtor entities who have guaranteed the loan.

5.  Accordingly, the Committee respectfully requests that any liens on avoidance actions in favor of the Lender be carved out of the Final DIP Order.

WHEREFORE, the Committee respectfully requests that this Court enter an Order sustaining the Committee's limited objection, removing the lien on avoidance actions from the Final DIP Order, and for such other and further relief as the Court deems just and equitable.

Dated: June 23, 2010
Wilmington, Delaware

MONTGOMERY McCRACKEN
WALKER & RHOADS, LLP

By: */s/ Natalie D. Ramsey*
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Laurie A. Krepto, Esquire (DE Bar No. 4109)
1105 North Market Street
Suite 1500
Wilmington, DE 19801
(302) 504-7800

*Proposed Counsel for the Committee of
Asbestos Personal Injury Claimants*