## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., et al.,[1] | Case No. 10-11780 (JKF) |
| Debtors. | (Jointly Administered) |
|  | Docket No. 374 |

### ORDER APPOINTING ERIC D. GREEN
### AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

This matter coming before the Court on the Application of Debtors for an Order Appointing Eric D. Green as Legal Representative for Future Claimants (the "Application")[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Application and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Application and the Hearing was sufficient under the circumstances and no other or further notice is or shall be required; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish good and sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

RLF1 3607791v. 1

2. Professor Eric D. Green is hereby appointed as the Future Claimants' Representative for the Future Claimants in these chapter 11 cases.

3. Professor Green shall have standing under sections 524(g)(4)(B)(i) and 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases and shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative.

4. Professor Green may employ attorneys and other professionals consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Interim Compensation Order and the Fee Auditor Order.

5. Compensation, including professional fees and reimbursement of expenses, shall be payable to Professor Green and his professionals from the Debtors' estates, as appropriate, subject to approval of this Court, and in accordance with the terms, conditions and procedures set forth in the Interim Compensation Order, the Fee Auditor Order and such other orders as may be entered by the Court with respect to the compensation of professionals in these cases. Professor Green shall be compensated at the rate of $675 per hour.

6. The Debtors shall indemnify and agree to defend and hold harmless Professor Green, his partners, associates, principals, employees and professionals (the "Indemnified Parties"), from and against any losses, claims, damages or liabilities (or actions in respect thereof) to which any Indemnified Party may become subject as a result of or in connection with Professor Green's rendering services hereunder, unless and until it is finally judicially determined that such losses, claims, damages or liabilities were caused by gross negligence or willful misconduct on the part of one or more of the Indemnified Parties in performing their obligations.

7.  The Debtors are authorized to obtain the Future Claimants' Representative Liability Insurance and pay the premiums necessary with respect thereto.

8.  Professor Green and any professionals retained by Professor Green and approved by the Court shall be deemed members of the "Core Group Service List" for purposes of the Court's Order Establishing Case Management Procedures [D.I. 252].

9.  Unless otherwise ordered by this Court, Professor Green's appointment as Future Claimants' Representative shall terminate upon the effective date of a plan of reorganization in these chapter 11 cases.

10. This Court shall retain jurisdiction to interpret, enforce and implement the terms and provisions of this Order and to resolve any disputes arising hereunder.

Dated: Oct. 18, 2010

*Judith K. Fitzgerald*
THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

SJS