IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPECIALTY PRODUCTS<br>HOLDING CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11780 (JKF)<br><br>Jointly Administered<br><br>**Docket Ref. Nos. 2602, 2616 & 2627** |

## THE FUTURE CLAIMANTS' REPRESENTATIVE'S STATEMENT AND ITEMIZATION OF DISCOVERY ISSUES RELATING TO THE ESTIMATION OF DEBTORS' ASBESTOS PERSONAL INJURY LIABILITIES

Pursuant to the Court's order [D.I. 2616] (the "**Order**"), the Future Claimants' Representative ("**FCR**") submits the following statement and itemization of interrogatories and document requests directed to the Debtors on aggregate estimation subjects (collectively, the "**FCR's Discovery Requests**").[2]

### STATEMENT

The FCR's Motion and the parties' dispute concerning estimation discovery is the result of a combination of various factors. As set forth in the Motion, the Debtors simply refused to provide appropriate written responses to the FCR's Discovery Requests on the basis that the discovery requests were purportedly duplicative of the discovery requests served on the Debtors by the ACC in connection with the asbestos claims estimation process. The Debtors even

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857) and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

[2] Copies of the FCR's First Set of Interrogatories Directed to the Debtors on Aggregate Estimation Subjects (the "**Interrogatories**") and First Set of Document Requests Directed to the Debtors on Aggregate Estimation Subjects (the "**Document Requests**") are attached to the *Motion of the Future Claimants' Representative to Compel Discovery From the Debtors on Aggregate Estimation Subjects* [D.I. 2606] (the "**Motion**") as Exhibits A and B, respectively. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:12270487.2

refused to meet and confer with the FCR in order to identify areas of duplication between the FCR's Discovery Requests and the ACC's Discovery.

In their response [D.I. 2627] (the "**Response**")[3] to the Motion, the Debtors yet again attempt to justify their position in these regards. Rather than support the Debtors' position, however, the Response highlights the fact that the Debtors' acknowledge that many of the FCR's Document Requests are indeed not duplicative of the ACC's document requests. (*See, e.g., Response, Ex. B*) Moreover, the Debtors' contention that they did not refuse to meet and confer with the FCR in respect of the FCR's Discovery Requests (Response, p. 2) is not correct. The Debtors flatly refused the FCR's offer and, instead, attempted to shift their burden to identify and articulate areas of duplication onto the FCR alone. Based on the Debtors' actions, the FCR was left with no choice but to file the Motion seeking an order compelling the Debtors to provide written responses and produce responsive documents solely with respect to the FCR's Non-Duplicative Discovery Requests.

The Debtors' Responses and document productions in connection with the FCR's Discovery Requests and ACC's Discovery are likewise improper and deficient. In accordance with the Order, the FCR has prepared two charts itemizing the Debtors' responses to each Interrogatory and Document Request, which are attached hereto as Exhibits A and B, respectively. The charts identify the discovery requests that are currently in dispute and detail the reasons why the FCR believes the Debtors' responses to those requests are deficient, as well as identify those requests that are not currently disputed since they are the subject of ongoing discussions among the Debtors, ACC and the FCR. For ease of reference, the disputed requests are bolded.

---

[3] Copies of the Debtors' written responses to the FCR's Interrogatories and Document Requests (collectively, the "**Debtors' Responses**") are attached as Exhibits C and D, respectively, to the Response.

In summary, the Debtors have failed to provide appropriate written responses to many of the estimation discovery requests and their document productions to date in respect of estimation have been woefully deficient for various reasons. For example, while the Debtors have produced a total of approximately eleven thousand documents, they have produced only 170 documents in response to the ACC's document requests concerning estimation. Further, the documents they did produce relating to estimation centered on only four discrete topics: (i) court judgments and jury verdict sheets from underlying state court asbestos actions; (ii) written discovery requests and responses relating to state court asbestos actions; (iii) heavily redacted settlement communications from state court asbestos actions; and (iv) various communications relating to the establishment of an asbestos claims database. None of the documents produced to date go to the heart of the central issue in these cases – the estimation of the Debtors' Asbestos Liabilities.

Further, the FCR believes that the Debtors have produced only a handful of documents post-dating October 2002, none of which consists of the Debtors' ESI. The Rules require the Debtors to produce non-privileged, responsive documents that are within their possession, custody, or control. Even if the Debtors' electronically stored documents and other ESI are stored on servers maintained by International, such ESI is within the Debtors' possession, custody or control and they have no valid basis for withholding such information.

Lastly, while the Debtors' Responses suggest that the Debtors are withholding numerous responsive documents on the grounds of privilege or work product, the Debtors' privilege logs only go to November 2002. The Debtors are required under the Rules to provide privilege logs adequately describing all documents withheld on the grounds of privilege or work product.

Respectfully submitted,

Dated: July 10, 2012  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John T. Dorsey
James L. Patton, Jr., Esquire (DE Bar No. 2202)  
John T. Dorsey, Esquire (DE Bar No. 2988)  
Edwin J. Harron, Esquire (DE Bar No. 3396)  
Sharon M. Zieg, Esquire (DE Bar No. 4196)  
Erin Edwards, Esquire (DE Bar No. 4392)  
Rodney Square  
1000 North King Street  
Wilmington, DE 19801  
(302) 571-6600

*Counsel to Eric D. Green, the Future Claimants' Representative*