**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | : Chapter 11 : |
|  | : Case No. 10-11780 (JKF) |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | : |
|  | : (Jointly Administered) |
| Debtors. | : : Re: Docket Nos. 2760, 2762, 2788, 2802, 2803, 2808, 2809, 2810, 2811, 2812, 2814, 2815, 2816, 2817, 2818, 2819, 2821, 2826, 2827, 2879 and 2883 |

**ORDER REGARDING THE DEBTORS'**
**MOTION FOR AN ORDER (I) ESTIMATING THE CLAIMS OF THE**
**NONCOMPLIANT CLAIMANTS AT ZERO AND (II) PRECLUDING THE**
**NONCOMPLIANT CLAIMANTS FROM VOTING ON ANY PLANS IN THESE CASES**

This matter coming before the Court on the Debtors' Motion For an Order (I) Estimating the Claims of the Noncompliant Claimants At Zero and (II) Precluding the Noncompliant Claimants From Voting on Any Plans in These Cases [Docket No. 2762] (the "Motion") and the notice of the amended exhibit to the Motion [Docket No. 2879] (the "Amended Exhibit"), filed by the above-captioned debtors (together, the "Debtors");[2] the Court having reviewed the Motion and having heard the statements of counsel at a telephonic hearing held on August 27, 2012 (the "Hearing"); the Court having entered its Order Establishing Final Deadline For Submitting PIQ Information [Docket No. 2883], which, among other things, established September 7, 2012 by 5:00 p.m. Eastern (the "Final PIQ Submission Deadline") as the deadline for claimants to submit PIQ information; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

DLI-6413673v4
RLF1 7356933v.1

157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Debtors' request for an order authorizing them to estimate at zero the asbestos personal injury claim of each claimant who is (a) listed in the Amended Exhibit as having failed to submit a SPHC/Bondex Mesothelioma Claim Information Form (a "PIQ") and (b) fails to submit a PIQ by the Final Claim Submission Deadline is hereby granted. Notwithstanding the foregoing sentence, the Asbestos Claimants' Committee (the "ACC") and the Future Claimants' Representative's (the "FCR") respective estimation experts are not precluded from proffering an estimation of such claims at a different value.

2. The Debtors' request for a discovery sanction automatically estimating at zero the asbestos personal injury claim of each claimant who is listed in the Amended Exhibit as having submitted a deficient PIQ is hereby denied. Notwithstanding the foregoing sentence, the Debtors may argue that one or more of such claims should be estimated at zero, and the ACC and FCR may argue that such claims should be estimated in some amount other than zero.

3. The Debtors' request for a discovery sanction automatically precluding all asbestos personal injury claimants who are listed in the Amended Exhibit from voting on any plans proposed in these chapter 11 cases is hereby denied.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October __16__, 2012

_____*Judith K. Fitzgerald*_____
THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE