**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re | : Chapter 11 |
|   | : |
|   | : Case No. 10-11780 (PJW) |
| SPECIALTY PRODUCTS HOLDING CORP., | : |
| *et al.*,[1] | : (Jointly Administered) |
|   | : |
| Debtors. | : **Re: Docket Nos. 4141, 4195, 4196, 4202 & 4250** |
|   | : |

**CERTIFICATION OF COUNSEL REGARDING ORDER
ESTABLISHING BAR DATES FOR
FILING PROOFS OF CLAIM AND APPROVING RELATED RELIEF**

The undersigned hereby certifies as follows:

1. On September 26, 2013, the Official Committee of Asbestos Personal Injury Claimants (the "ACC") and the Future Claimants' Representative (the "FCR") filed the Joint Emergency Motion of the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative For an Order (I) Fixing Bar Dates for the Filing of Proofs of Claim for Pre-Petition Non-Asbestos Claims Against Specialty Products Holding Corp.; (II) Approving Bar Dates Notice and Mailing Procedures; and (III) Granting Supplemental Relief [D.I. 4141], which motion was subsequently amended on October 15, 2013 by the Joint Amended Motion of the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative For an Order (I) Fixing Bar Dates For the Filing of Proofs of Claim for Pre-Petition Non-Asbestos Claims; (II) Approving Bar Dates Notice and Mailing Procedures; (III) Approving the Proposed Manner of Publication of Bar Dates Motion; and (IV) Granting Certain Supplemental Relief [D.I. 4195] (the "Claimants' Bar Date Motion").

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125).  The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

DLI-6465757v1
RLF1 9678560v.1

2.     On October 15, 2013, the above-captioned debtors (together, the "Debtors") filed the Debtors' (I) Objection to Joint Emergency Bar Date Motion of the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative and (II) Cross Motion For Additional Bar Dates and Related Relief [D.I. 4196] (the "Debtors' Bar Date Motion").  On that same date, RPM International Inc. ("International") filed an objection to the Claimants' Bar Date Motion and a joinder in the Debtors' Bar Date Motion [D.I. 4202] (the "Joinder").  On October 29, 2013, the ACC and the FCR filed an omnibus response to the Debtors' Bar Date Motion and the Joinder [D.I. 4250] (the "Omnibus Response").

3.     On November 5, 2013, the Court held a hearing on the Claimants' Bar Date Motion and the Debtors' Bar Date Motion.  For the reasons stated by the Court during the November 5 hearing, the Court ordered that a bar date be established for all claims, including asbestos personal injury claims.

4.     Following the hearing, the parties agreed to (a) meet and confer with respect to the forms of bar date order, bar date notices and the asbestos proof of claim and (b), in the event an agreement on the forms could not be reached, submit any disagreements to the Court for adjudication at the November 13, 2013 hearing.  On the morning of November 13, 2013 prior to the hearing on that date, counsel for the Debtors, the ACC and the FCR participated in a telephonic meet and confer session regarding the forms, but were unable to reach agreement.

5.     On November 13, 2013, the Court held a hearing to address the disputes with respect to the proposed bar date order, the bar date notices and the asbestos proof of claim form.  During that hearing, the ACC and the FCR on the one hand, and the Debtors on the other,

presented their respective positions with respect to the disputed matters and the Court issued rulings on each of those matters.

6. On November 20, 2013, the Debtors sent the ACC and the FCR revised drafts of the order, the bar date notices and the asbestos proof of claim form that reflected the Court's rulings. By letters dated December 4 and 5, 2013, counsel for the ACC, rather than raising any issues specific to the revisions made to reflect the Court's rulings at the November 13, 2013 hearing, provided the Debtors with a lengthy list of additional substantive changes the ACC and the FCR wanted the Debtors to make to each of the forms. None of these requested changes was raised by the ACC or the FCR prior to or at the November 13, 2013 hearing, a hearing that was specifically convened to address any outstanding issues with respect to the bar date order, notices, and proof of claim form. Additionally, ACC counsel advised in the letters that the ACC and the FCR had determined to appeal the Court's ruling, and would do so even if the Debtors agreed to make all the requested changes.

7. The Debtors have prepared a revised form of order (the "Revised Order") that includes as exhibits revised forms of the bar date notices and a revised asbestos proof of claim form. The Revised Order and exhibits reflect the Court's rulings at the November 13, 2013 hearing. In addition, the Revised Order and exhibits contain the following additional changes:

   a. The proposed bar date has been moved from February 17, 2014 to May 9, 2014 because, as the Debtors advised the Court at the November 13, 2013 hearing, the Debtors believe asbestos claimants should have at least 90 days to submit their proof of claim forms. The later date is necessary because (a) entry of the order has been delayed and (b) one of the publications in which the bar date notice will appear has an approximate 60-day lead time.

b. Two additional newspapers, The Philadelphia Inquirer and The Los Angeles Times, have been added to the list of publications in which the publication notice will appear. The Debtors have added these newspapers because the Debtors had facilities in locations served by these papers.

c. Provisions have been added to protect the confidentiality of medical records and personal identification information, including social security numbers.

d. Certain minor clean up changes have been made to the various documents, including non-substantive changes suggested by Logan & Company, Inc., the Debtors' claims and noticing agent, and non-substantive changes to the notices suggested by the ACC and the FCR.

The Revised Order does not contain the additional substantive changes sought by the ACC and the FCR subsequent to the Court's rulings on the forms.

8. A copy of the Revised Order is attached hereto as <u>Exhibit 1</u>. For the convenience of the Court and all parties in interest, blacklines of the Revised Order and the exhibits against the versions of the proposed order and exhibits presented at the November 13, 2013 hearing are attached hereto as <u>Exhibit 2</u>.

9. The ACC and the FCR do not consent to the forms of the Revised Order or the exhibits. Counsel for International has indicated that International consents to the forms of the Revised Order and the exhibits.

10. For the reasons set forth herein, the Debtors respectfully request that the Court enter the Revised Order.

|  |  |
|---|---|
| Dated:  December 9, 2013 | Respectfully submitted, |
|  | /s/ *Tyler D. Semmelman* |
|  | Daniel J. DeFranceschi (DE 2732) |
|  | Paul N. Heath (DE 3704) |
|  | Zachary I. Shapiro (DE 5103) |
|  | Tyler D. Semmelman (DE 5386) |
|  | RICHARDS, LAYTON & FINGER, P.A. |
|  | One Rodney Square |
|  | 920 North King Street |
|  | Wilmington, Delaware 19801 |
|  | Telephone:  (302) 651-7700 |
|  | Facsimile:  (302) 651-7701 |
|  | -and- |
|  | Gregory M. Gordon (TX 08435300) |
|  | Dan B. Prieto (TX 24048744) |
|  | JONES DAY |
|  | 2727 N. Harwood Street |
|  | Dallas, Texas  75201 |
|  | Telephone:  (214) 220-3939 |
|  | Facsimile:  (214) 969-5100 |
|  | ATTORNEYS FOR DEBTORS |