**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., et al.,[1] | Case No. 10-11780 (PJW) Jointly Administered |
| Debtors. | **Re: Dkt. No. 4374** |

**JOINT OBJECTION OF THE COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS AND THE FUTURE CLAIMANTS' REPRESENTATIVE'S
TO THE DEBTORS' CERTIFICATION OF COUNSEL REGARDING
ORDER ESTABLISHING BAR DATES FOR FILING PROOFS
OF CLAIM AND APPROVING RELATED RELIEF**

The Committee of Asbestos Personal Injury Claimants (the "Committee") and the Future

Claimants' Representative (the "FCR," and together with the Committee, the "Claimants'

Representatives") by and through their undersigned counsel, hereby object to the *Certification of*

*Counsel Regarding Order Establishing Bar Dates for Filing Proofs of Claim and Approving*

*Related Relief*, dated December 9, 2013 [D.I. 4374] (the "Debtors' COC"), filed by the Debtors,

including the attached Bar Date Order and proposed asbestos proof of claim form (the "Asbestos

Proof of Claim Form"), and respectfully state as follows:

*Asbestos Proof of Claim Form*

1.      To the extent that paragraph 4 of the Debtors' COC implies that the parties

engaged in a dialogue regarding the content of the Debtors' Asbestos Proof of Claim Form prior

to the hearing on November 13, 2013, the Claimants' Representatives object to this incomplete

---

[1] The last four digits of the debtors' taxpayer identification numbers follow in parentheses:  Specialty Products
Holding Corp. (0857) and Bondex International, Inc. (4125).  The Debtors' address is 4515 St. Clair Avenue,
Cleveland, Ohio  44103.

recitation.  Instead, during the referenced meet and confer, the Committee and FCR informed the

Debtors that they intended to argue for the adoption of a modified form of Official Form 10

circulated prior to the call.   The Debtors stated that they intended to present their proposed claim

form.  There was no dialogue engaged in by either party regarding the content of either form, as

Mr. Gordon acknowledged at the November 13 hearing.  *See* Tr. p.25, line 24.  The outcome of

the meet and confer as regards this issue was to agree to disagree on the scope of the ultimate

claim form and to await further clarification from the Court.

2.      Following the Court's ruling rejecting the Official Form 10 claim form, the

Committee solicited comments from the asbestos bar regarding the content of the Debtors'

proposed form and attempted to engage in good-faith negotiations with the Debtors regarding

certain specific provisions of the form they proposed.  As detailed below, the Committee

communicated several changes which, if not accepted, would likely be the subject of objection

and litigation by individual claimants, necessarily and unduly burdening these cases.

3.      First, inexplicably and despite the Debtors' repeated statements that the PIQ form

was the basis for the proposed Asbestos Proof of Claim Form,[2] the Debtors did not include the

*single most important protection* included in the PIQ, namely the requirement that "[t]he

information provided in or in connection with this claim information form" would be

confidential in accordance with the terms of an Agreed Protective Order of record in this case

[docket no. 471].  There can be little doubt that the Debtors refusal to carry this important

protection over from the PIQ will engender numerous objections from claimants, whose private

---

[2] The Debtors represented that the form that "was vetted with Judge Fitzgerald over a number of hearings," "negotiated and vetted with the other side," and "agreed to," see Hrg Tr. 11/13/13 at p.13.  Review of the Asbestos Proof of Claim Form and the proposed Asbestos Bar Date Order reveals that the Debtors have incorporated only those provisions from the PIQ process that were advantageous to the Debtors and did not include the provisions of the PIQ or the enabling Order that were obtained through negotiation or Court Order for the benefit of claimants.

medical and protected settlement information would, under the terms of the Debtors' proposed form, be published on the internet. Indeed, the importance of the confidentiality provisions associated with the information obtained in connection with the PIQ process was expressly raised by the Committee during the hearing on November 13, 2013. *See* Tr. p. 21, lines 9-11. If this information is required, it must be protected under the Agreed Protective Order in these cases, 11 U.S.C. §§ 107, 105, and Rule 9037 of the Federal Rules of Bankruptcy Procedure.

4.        Second, the Asbestos Proof of Claim Form seeks information irrelevant to a claimant's assertion of a claim against the Debtors. A proof of claim requires mere notice pleading, akin to a federal complaint. *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 435 (9th Cir. BAP 2005); *see also* Rule 3001(a). The plaintiff need only set forth sufficient detail so as to provide the defendant and the court with a "*fair idea of the basis of the complaint and the legal grounds claimed for recovery.*" *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 814 (9th Cir. 1994) (emphasis in original). *See* 9 Collier on Bankruptcy para 3001.02-03 (Alan N. Resnick & Henry J. Sommer 16th ed.).

5.        Under the form proposed, confidential medical information *wholly unrelated to asbestos disease*, including a recitation of all doctor's visits within the last 5 years "no matter the purpose for that visit," would be recorded, and ultimately published to the world. See Section 4G "Other Health Conditions", Asbestos Proof of Claim Form p. 7.

6.        Additionally, the Asbestos Proof of Claim Form seeks alleged exposures to *non-Debtor products* and *confidential settlement information with non-Debtor defendants*. While these sections were included in the PIQ Form, they were included (at the request of the Debtors and over the claimants' objections) to enable the Debtors to advance an argument (ultimately abandoned by the Debtors) that the amounts received or to be received by the claimants from

other defendants was relevant to their estimated value.  But, the proof of claim is not being

submitted for purposes of an estimation proceeding.  A proof of claim has an entirely different

purpose.  The information requested is well beyond the notice pleading required to give a "*fair

idea of the basis of the complaint and the legal grounds claimed for recovery.*"[3]

7.      The Claimants Representatives suggested deletion of these portions of the

Asbestos Proof of Claim Form.

*Asbestos Bar Date Order and Notices*

8.      For the same reasons, the claimants sought changes to the Bar Date Order

reflecting provisions that were part of either the PIQ Order itself, or Court Orders governing the

PIQ process.

9.      For example, the Claimants' Representatives sought to add the following

confidentiality language, which was pulled directly from paragraph 14 of the PIQ Order (and

amended solely for context), to the Asbestos Bar Date Order:

> Each Claimant who submits an Asbestos Proof of Claim shall be deemed a
> "Designating Party" under the Agreed Protective Order with respect to the
> Questionnaire, the contents thereof and all documents submitted therewith. Logan
> shall be deemed a "Representative" under the Agreed Protective Order with
> respect to the Debtors.  All Interested Parties who will have access to the
> Questionnaires or the searchable database pursuant to the terms of this Order shall
> be a "Representative" of the Debtors, the Committee or the Future Claimants'
> representative, as applicable, and shall, to the extent not previously done, execute
> the acknowledgment in the form attached to the Agreed Protective Order as
> Exhibit A prior to receipt of the database or other information hereunder.

10.     The Claimants' Representatives also asked that the following two paragraphs,

reflecting instructions by the Court with regard to the PIQ process, be added to the Asbestos Bar

Date Order:

---
[3] The redlined Asbestos Proof of Claim Form provided to the Debtors is attached as Exhibit A.

For the avoidance of doubt, RPM International shall not have access to the Asbestos Proof of Claim form submitted by any Claimant, nor any of the information contained therein, except as provided in paragraph [20] hereof.  Hrg. Tran. 8/27/2012 at pgs. 76-84.

Notwithstanding anything to the contrary contained herein, a Claimant shall not be required to obtain or create any of the information requested by the Asbestos Proof of Claim form that is not already in the Claimant's possession.  *See, inter alia*, Hrg. Tran. 1/23/12.

11.     Finally, the Claimants' Representatives suggested an increase in the proposed time for submission of the Asbestos Proof of Claim forms from 90 days to 225 days.  That is, in light of the significantly larger number of claimants anticipated to be required to provide responses to the Asbestos Proof of Claim Form, the Claimants' Representatives sought to have the time extended to 1.5 times the time provided for submission of the Asbestos PIQs (which was approximately 140 days) .[4]

12.     Similarly, the Claimants' Representatives sought to include the following clarifying language in each of the Asbestos Bar Date Order, the Asbestos Bar Date Notice and the Asbestos Proof of Claim Form consistent with the Court's order that the bar date would apply to claimants who had not yet manifested an injury:

- ANY PERSON WHO HAS REASON TO BELIEVE THAT HE OR SHE MAY HAVE BEEN EXPOSED, OR MAY HAVE A CLAIM (SUCH AS A CLAIM FOR WRONGFUL DEATH OR LOSS OF CONSORTIUM) BASED ON ANOTHER'S EXPOSURE, PRIOR TO MAY 31, 2010, TO ANY OF THE DEBTORS' ASBESTOS-CONTAINING PRODUCTS (LISTED BELOW), EITHER THROUGH USE OF THOSE PRODUCTS OR THROUGH INTERACTIONS WITH A USER OF THOSE PRODUCTS, MUST FILE A PROOF OF CLAIM WHETHER OR NOT AN INJURY OR DISEASE HAS MANIFESTED OR BEEN DIAGNOSED AND WHETHER OR NOT HE OR SHE HAS A CLAIM UNDER APPLICABLE STATE LAW.

  AN INDIVIDUAL ASSERTING EXPOSURE, WHETHER HIS OR HER OWN EXPOSURE OR ANOTHER'S EXPOSURE, MUST FILE A PROOF OF

---

[4] A copy of the redlined Asbestos Bar Date Notices provided to the Debtors is attached as Exhibit B.

CLAIM IN ORDER TO PRESERVE HIS OR HER RIGHT TO RECOVER IN
THE EVENT OF LATER ASBESTOS-RELATED ILLNESS.

These changes too were rejected by the Debtors.

### *Request for Cooperation With the Bar*

13.     As with the PIQ process, the Claimants' Representatives asked that the Debtors

provide each law firm with a list of the claimants that the Debtors believe such law firm

represents, and asked for the additional courtesy of providing the law firms with a separate list of

those claimants represented by the law firm which the Debtors acknowledge completed a PIQ

and therefore are not required to file an Asbestos Proof of Claim Form.  Such a process is, quite

obviously, designed to ensure that no claimant inadvertently slips through the cracks.

### *Additional Objections*

14.     As reflected in paragraph 7 of the COC, the Debtors made changes that they

themselves identified and/or found useful following the November 13, 2013 hearing, while

rejecting *all* comments provided by the Claimants' Representatives.  This fact evidences that the

forms of the documents were continuing to evolve following the November 13, 2013 hearing.

15.     While the Claimants' Representatives have advised the Debtors that they continue

to object to the Asbestos Bar Date Order and accompanying forms, in the event that the Bar Date

Order is entered, significant litigation, expense and delay of these cases may be avoided by

addressing clearly objectionable features of these forms now.

16.     The significance of an asbestos bar date as contemplated in this case cannot be

understated if it is used, as the Debtors intend, to discharge the claims of present and future

asbestos creditors who do not timely file a Proof of Claim.  The attempt to rush this process and

avoid meaningful dialogue violates due process.

WHEREFORE, for all of the foregoing reasons, the Claimants' Representatives respectfully request that the Court hold a status conference to address the issues set forth herein at the December 17, 2013 hearing scheduled on the Debtors' and the Claimants' Representatives' respective Disclosure Statements.

Respectfully submitted,

Dated:  December 10, 2013
Wilmington, Delaware

**MONTGOMERY, McCRACKEN,**
 **WALKER & RHOADS, LLP**

 */s/  Natalie D. Ramsey*
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
1105 North Market Street, Suite 1500
Wilmington, DE  19801
(302) 504-7800

and

Mark B. Sheppard, Esquire (admitted *pro hac vice*)
123 South Broad Street, 24th floor
Philadelphia, PA  19109
(215) 772-1500

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

-and-

**YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP**

*/s/ Edwin J. Harron*
James L. Patton, Jr., Esquire (DE Bar No. 2202)
Edwin J. Harron, Esquire (DE Bar No. 3396)
Sharon M. Zieg, Esquire (DE Bar No. 4196)
Erin Edwards, Esquire (DE Bar No. 4392)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600

*Counsel to Eric D. Green, the Future Claimants'
Representative*