**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 10-11780 (PJW)<br>:<br>: (Jointly Administered)<br>:<br>: **Re: Docket Nos.** 4374, 4377, 4379, 4387, 4388,<br>: 4412, 4428, 4441, 4443, 4444, 4446, 4460,<br>: 4464, 4466, 4467, 4468, 4469, 4472, 4473,<br>: 4476, 4477, 4483, 4485, 4487, 4488, 4489,<br>: 4491, 4496, 4498, 4499, 4500, 4506 & 4513 |

**DEBTORS' CONSOLIDATED REPLY TO OBJECTIONS**
**TO PROPOSED ORDER ESTABLISHING BAR DATES**
**FOR FILING PROOFS OF CLAIM AND APPROVING RELATED RELIEF**

The above-captioned debtors (together, the "Debtors") hereby file this consolidated reply to the objections to the proposed bar date order and related forms attached to the Debtors' certification of counsel [D.I. 4374] (the "Debtors' Certification of Counsel").

**Introduction**

The Court has previously ruled that (a) a bar date will be established for all claims, including asbestos personal injury claims, and (b) for the submission of asbestos personal injury claims, a specialized proof of claim form will be used in lieu of Official Form 10.  (Hr'g Tr. 46:10-11, Nov. 5, 2013 ("I am ordering that a bar date notice be sent to everybody."); Hr'g Tr. 23:17-18, Nov. 13, 2013 ("Okay, I'm going to use the modified form."); Hr'g Tr. 6:10-14 ("I've already ruled that there's going to be a bar date . . . .  That's not an issue that I'm going to address again.").)  In addition, on November 13, 2013, the Court heard argument and ruled upon specific objections to the proposed bar date order and notices of the asbestos bar date raised by

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125).  The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

DLI-6469536v4
RLF1 9798551v.1

the Official Committee of Asbestos Claimants (the "ACC") and the Future Claimants' Representative (the "FCR"). (Hr'g Tr. 3:10-37:22, Nov. 13, 2013.)

Notwithstanding the Court's rulings on the ACC's and the FCR's objections to the asbestos bar date order, the asbestos proof of claim form and the related notices, the ACC and the FCR refused to approve amended versions of the forms that reflected the Court's rulings. As a result, the Debtors, on December 9, 2013, filed the Debtors' Certification of Counsel, which contained amended versions of the asbestos bar date documents and advised the Court that the forms had not been approved by the ACC and the FCR. The next day, the ACC and the FCR, rather than filing their own certification of counsel and proposed order, filed a so-called joint objection to the Debtors' Certification of Counsel [D.I. 4377] (the "Joint Objection"). In the Joint Objection, the ACC and the FCR requested that the Court make numerous substantive changes to the proposed order and related forms, none of which was raised at the November 13, 2013 hearing. Thereafter, certain law firms filed separate joinders in the Joint Objection.

On January 7, 2014, the Court, in an effort to clarify the specific provisions of the proposed asbestos bar date order, proof of claim form and notices to which the plaintiffs' firms and the ACC and the FCR objected, directed parties to submit to Debtors' counsel their specific objections and requested changes to the proposed bar date order and related forms, and ordered the Debtors to respond to such objections. At the same time, however, the Court made clear that it would not revisit its decision to set an asbestos claims bar date. (Hr'g Tr. 6:5-14, Jan. 7, 2014.)[2]

---

[2] The ACC has filed copies of several of the objections. See D.I. 4409, 4506 and 4513. Contemporaneously herewith, the Debtors are filing copies of all objections that have not yet been filed on the docket by the ACC. For the convenience of the Court, the Debtors are also attaching as Exhibit A hereto a chart that summarizes the primary objections raised by the objectors and the Debtors' responses thereto.

-- 2 --

Notwithstanding the Court's clear directions regarding the submission of objections to the forms, more than 50 asbestos law firms, including most of the members of the ACC, as well as the ACC and the FCR (through separately filed objections), submitted objections that primarily rehash arguments the Court rejected in connection with its decisions to approve a bar date for asbestos claims and use a modified claim form in lieu of Official Form 10 for the submission of those claims. Among other things, the objections, which are largely duplicative, assert that (a) the establishment of a bar date for asbestos claims is improper and misguided for numerous reasons, (b) no modified proof of claim form should be used and instead the Court must use Official Form 10 and (c) no notice of the bar date could ever satisfy due process. Because the Court was clear that it would not entertain these types of objections, the Debtors will not address them in this reply.

As discussed below, the Debtors are willing to modify the proposed order and related forms in certain respects to address some of the concerns raised by the objectors.[3] However, the Debtors respectfully submit that the Court should reject the other proposed changes, which appear primarily intended to (a) permit the filing of claims against the Debtors for which no basis exists, (b) eliminate any requirement that the claimants provide meaningful information regarding their claims or (c) treat as confidential information that is clearly not confidential.

**Consolidated Reply**

**I.    Modifications to the Forms To Which the Debtors Are Willing To Agree**

Although the Debtors continue to believe that the forms of the asbestos bar date order, asbestos proof of claim form and asbestos bar date notices attached to the Debtors'

---

[3] Attached as <u>Exhibit B</u> is a revised version of the proposed order and related forms, and attached as <u>Exhibit C</u> is a blackline version of the proposed order and related forms marked to show the changes made to the version of the order attached to the Debtors' Certification of Counsel.

Certification of Counsel are appropriate as drafted, they are willing to modify the forms as described below in order to resolve concerns raised by the objectors that, in the Debtors' view, do not undermine the Court's prior rulings or the integrity of the bar date process.

First, several of the objectors assert that paragraph 15 of the proposed bar date order is inappropriate because it is purportedly broader than the language contained in Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").  As an initial matter, the Court has already specifically addressed the language of this very paragraph. (Hr'g Tr. 32:15-35:25, Nov. 13, 2013.)  At the November 13, 2013 hearing, counsel for the ACC raised objections to paragraph 15 of the order, and the Court addressed those objections by directing the Debtors to add the words "unless the Court orders otherwise."  (Id.)

Although the Debtors believe that paragraph 15 of the order is appropriate as drafted, they are willing to modify the paragraph as follows:[4]

> 15.    Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any ~~entity~~ **creditor whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated** that fails to file a proof of claim in these chapter 11 cases by the applicable Bar Date shall ~~be forever barred, estopped and enjoined from:  (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim~~ **not be treated as a creditor with respect to such claim for the purposes of voting or distribution**.

---

[4] Certain objectors also argue that paragraph 15 bars derivative claims against other entities, including RPM International Inc.  Nothing in the paragraph, however, purports to bar claims against third parties.  In any event, this concern should be eliminated by the Debtors' proposed modifications to paragraph 15.

-- 4 --

Second, the ACC asserts that the proposed bar date order does not provide sufficient time for claimants to complete the asbestos proof of claim form and requests that the bar date be set at least 165 days from the date the order is entered.  The Debtors previously proposed a bar date of May 9, 2014, which was approximately 150 days from the date the order was submitted to the Court.[5]  To resolve this objection and also because entry of the bar date order has been further delayed, the Debtors are willing to modify the proposed order to provide for a bar date of July 8, 2014, which is 165 days from the January 24, 2014 hearing.

Third, the ACC has asked that the Debtors broaden the publication notice of the asbestos claims bar date.  As the ACC requested, the Debtors will agree to publish the bar date notice in the following additional publications:  *Mealy's Asbestos Reporter*, *People Magazine, Better Homes and Garden*, and *Prevention*.

Fourth, numerous objectors have raised concerns regarding the proposed bar date order's failure to protect the confidentiality of the health condition information called for by Part 4G of the proof of claim form.  The Debtors will agree to modify the proposed order to provide that the responses to the questions in Part 4G will also be kept confidential in accordance with the Agreed Protective Order Governing Confidential Information [Docket No. 471] (the "Agreed Protective Order").

Finally, some of the objectors argue that the bar date order should be modified to provide that any asbestos personal injury claim against a particular Debtor should be treated as a claim against both Debtors.  Because (a) the Debtors are two distinct entities, which manufactured and sold asbestos-containing products during distinct periods of time, and (b) the

---

[5] The ACC incorrectly states that the proposed May 9, 2014 bar date was only 90 days from the date the draft order was submitted to the Court.

-- 5 --

Debtors' estates have not been substantively consolidated,[6] there would be no basis to treat a claim filed against one Debtor as a claim filed against both. Nonetheless, because this issue could be addressed at a later date, the Debtors are willing to modify the bar date order and related forms to no longer require claimants to identify the particular Debtor against which their asbestos claim is asserted.

## II.    Objections to the Asbestos Bar Date Forms That Should Be Overruled by the Court

### A    Applicability of the Bar Date to Claims of Individuals Who Have Not Yet Manifested An Injury

Many of the objectors argue that the proposed order and related forms should be modified so that the bar date applies only to persons who have been diagnosed with an asbestos injury. Again, however, the Court has already addressed and rejected this very argument. (Hr'g Tr. 3:10-12:22, Nov. 13, 2013.) As the Court stated at the November 13, 2013 hearing in response to this contention, "*Grossman* has changed everything." (Hr'g Tr. 12:21-22, Nov. 13, 2013.)

In point of fact (and as the Court correctly recognized), in Jeld Wen, Inc. v. Van Brunt (In re Grossman's Inc.), 607 F.3d 114, 125 (3d Cir. 2010), the Third Circuit held that a claim arises when an individual is <u>exposed</u> pre-petition to a product or other conduct giving rise to an injury, not when he or she manifests an asbestos disease. Consistent with this binding authority, the proposed order requires claimants who allege exposure to a product of the Debtors prior to the petition date to submit a proof of claim. The objectors' proposal effectively ignores Grossman's and asks this Court to define an asbestos claim in a way that is contrary to the definition adopted by the Third Circuit.

---

[6]    As the United States Court of Appeals for the Third Circuit has held, "courts respect entity separateness absent compelling circumstances calling equity (and even then only possibly substantive consolidation) into play." In re Owens Corning, 419 F.3d 195, 211 (3d Cir. 2005) (citation omitted).

Similarly, several objectors urge the Court to permit persons who have not yet been diagnosed with an asbestos disease or do not know if they have been exposed to the Debtors' products to file "placeholder" proofs of claim to preserve their right to later assert a claim. Pursuant to this proposal, claimants would not be required to disclose any information regarding alleged exposures to the Debtors' or any other products but instead could merely check a box to preserve a potential claim. If accepted, however, this proposal would make a mockery of the bar date. It would permit individuals to submit claims irrespective of whether they were ever exposed to a product manufactured or sold by the Debtors. As currently drafted, the asbestos bar date order simply and appropriately requires an individual who has a claim against a Debtor (i.e., who alleges exposure to a product of the Debtors) to submit a proof of claim by the bar date; a claimant who has no such exposure has no claim.

For the same reasons, the Court should reject the ACC's proposed language that would sanction the filing of claims for which no basis exists: "[a]ny person who has <u>reason to believe</u> that he or she <u>may</u> have been exposed, or <u>may</u> have a claim . . . must file a proof of claim . . . ." (Emphasis added.) Consistent with <u>Grossman's</u>, however, the order, as drafted, requires only that individuals with a claim against the Debtors; <u>i.e.</u>, individuals who have been exposed to a product of the Debtors, must file a claim.

### B    Alleged Confidentiality of Information

Proofs of claim are routinely part of the public record. Nonetheless, several of the objectors argue that the entire asbestos proof of claim form should be kept confidential because the form purportedly seeks the disclosure of confidential information.[7] Such concerns are

---

[7] The claimants have consistently sought, in both bankruptcy courts and the state tort system, to cloak their efforts to recover from bankrupt defendants in secrecy. District Judge Stark recently rejected the claimants' attempt to prevent the disclosure of information in Bankruptcy Rule 2019 statements and, in so doing, took judicial notice of recent efforts by the federal and state governments to pass transparency legislation that

-- 7 --

misplaced, however, as either (i) the information requested is not confidential or (ii), if it is, its confidentiality will be protected.[8]

As an initial matter, the proposed bar date order provides that all medical records submitted in connection with an asbestos proof of claim form will be kept confidential in accordance with the Agreed Protective Order. (Proposed Order ¶ 19.) In addition, the order provides that birth dates and any tax identification numbers, including social security numbers, will be redacted. (Proposed Order ¶ 20.) Further, as stated above, the Debtors will agree to modify the proposed order to provide that any responses to the questions in Part 4G will also be kept confidential in accordance with the Agreed Protective Order.

The objectors contend that information regarding claims submitted to asbestos trusts should not be made public because trust claim submissions allegedly constitute confidential settlement negotiations. First, the proof of claim form does not require that the claimants provide copies of the submissions to the asbestos trusts. Instead, it merely requires claimants to disclose that they have submitted a trust claim and certain limited information regarding the claim's status. Furthermore, courts have found that trust claim submissions themselves are not confidential because they are akin to complaints or bankruptcy proofs of claim. In <u>Volkswagen of America, Inc. v. Superior Court</u>, 43 Cal. Rptr. 3d 723 (Cal. Ct. App. 2006), the court stated:

> Are documents submitted to bankruptcy trusts by a plaintiff's attorney in support of claims for compensation for alleged

---

(continued…)

    would eliminate the claimants' practice of hiding their bankruptcy trust submissions. <u>In re Motions for Access of Garlock Sealing Techs. LLC</u>, 488 B.R. 281, 302-303 (D. Del. 2013).

[8] Some of the objectors argue that RPM International Inc. should not have access to asbestos proofs of claim because it may be a defendant in the tort system. But, because the information that will be publicly available is not confidential, there is no basis to restrict RPM International's access to it.

>  asbestos-related injuries discoverable in similar litigation against
>  another entity? We conclude that most such documents normally
>  are . . . .

Id. at 724. In reaching this result, the Volkswagen court specifically rejected the plaintiff's argument that the submissions represented "confidential settlement negotiations." Id. at 730-33; accord Seariver Maritime, Inc. v. Superior Court, 139 Cal. App. 4th 1481, 1493-94 (Cal. Appl. 2006) (holding that trust claim forms are discoverable and noting that "[a]bsent evidence to the contrary, we can assume Taylor submitted claim forms to bankruptcy trusts in the same manner as he would have submitted a proof of claim form to a bankruptcy court or filed a complaint in a civil action.").[9] Since the trust claim submissions themselves are not confidential, the limited trust information sought by the proof of claim form is plainly not confidential.[10]

### C    Alleged Lack of Relevance Of Information

Many of the objectors argue that information required by the proof of claim form is not relevant to the claim's validity. These objectors seek to eliminate the need to disclose information regarding (i) alleged exposures to non-Debtor products, (ii) claims against other defendants and (iii) claims submitted to bankruptcy trusts. Contrary to the objectors' contentions, this information is plainly relevant to the merits and validity of the claims.

---

[9]   Volkswagen and Seariver are not isolated cases. Numerous other courts have required disclosure of claim forms submitted to an asbestos trust. See Drabczyk v. Amchem Prods., Inc., No. 2005/1583 (NY Sup. Ct., Jan. 18, 2005) (ordering the plaintiff to produce proof of claims forms submitted to bankruptcy trusts); Malcolm v. A.W. Chesterton Co., No. 2002-10666 (NY Sup. Ct. Dec. 30, 2005) (same); Duncan v. A.W. Chesterton Co., No. 2004-07671 (Tex. Harris County Dist. Ct. Dec. 14, 2006) (holding that "the information and documents related to plaintiff's bankruptcy claims are discoverable"); see also Brassfield v. Alcoa, No. 2006-08035 (Tex. Harris County Dist. Ct. Nov. 22, 2006) (oral ruling that "[t]he Defendants are entitled to production of the applications from the trusts in order to introduce them into evidence at the trial of the case"). Indeed, several courts have even implemented standing orders requiring disclosure as a matter of course. See William P. Shelley et al., The Need for Transparency Between the Tort System and Section 524(g) Asbestos Trusts, 17 Norton J. of Bankr. L. & Pract. 257, 263-65 (2008) (collecting orders and other authorities)

[10]  The objectors similarly allege that settlement information must be keep confidential. The proof of claim form merely requires a claimant to disclose whether he or she has settled with another entity and when the first settlement payment was made. This limited information is not confidential.

-- 9 --

It is beyond dispute that the validity of an asbestos personal injury claim against the Debtors depends significantly on, among other things, the number and extent of the claimant's exposures to both the Debtors' and non-Debtors' products.  As an example, if a claimant used a product of the Debtors one time in connection with a home patch and repair project but was exposed to numerous products of non-Debtors while working for many years as a pipefitter at multiple jobsites, his or her claim against the Debtors would have little or no merit.  Accordingly, absent the alternative exposure information required by the proof of claim form, the Debtors and the Court would lack key information that bears on the validity and merits of the claims.

The recent estimation decision in In re Garlock Sealing Techs., LLC, 2014 Bankr. LEXIS 157 (Bankr. D.N.C. Jan. 10, 2014) (a copy of which is attached as Exhibit D hereto), highlights the importance of exposure information.  In that case, the court, in an opinion that starkly contrasts with Judge Fitzgerald's estimation decision in these cases, ruled that it was required to estimate Garlock's legal liability for asbestos claims, rejecting the claimants' argument, accepted by Judge Fitzgerald here, that it should instead estimate the amount of settlements Garlock would likely have paid had it remained in the tort system.  In estimating Garlock's aggregate liability for current and future mesothelioma claims, the court found that it had to take into consideration "causation, limited exposure and **the contribution of exposures to other products**." 2014 Bankr. LEXIS 157, at *8 (emphasis added).  It further found that "[e]vidence of the plaintiffs' exposure to other co-defendants products was **essential** to [Garlock's] defense . . . ." Id. at *33 (emphasis added).  Moreover, the court concluded that trust claim submissions and payments provided important evidence of exposure because trusts "require some 'meaningful and credible' exposure evidence to pay a claim." Id. at *43.

In addition, many of the objectors argue that the five years of health information sought by Part 4G of the proof of claim form is irrelevant.  To the contrary, this information is critical in evaluating the extent to which an alleged non-malignant disease is related to asbestos exposure or some other activity or health condition.  As an example, smoking is a major contributing factor in many respiratory diseases and conditions similar to those alleged to be caused by exposure to asbestos.  The best source of information for a claimant's smoking history and treatment is typically a claimant's medical records because physicians ordinarily record a patient's smoking history at each visit.  Further, the requested information has been limited to the last five years because this is the same time period that health insurers typically require in underwriting applications for insurance.  Accordingly, the information sought by the proof of claim form is plainly relevant and should be readily available to the claimants.

### D    Only Information Presently Known to Claimants Should Be Disclosed

Several of the objectors argue that claimants should have to disclose only information that is presently known and should not be required to obtain or create any information required by the asbestos proof of claim form.  They attempt to justify this position by asserting that the information is not readily available and that the automatic stay has prevented them from obtaining discovery from the Debtors necessary for developing the required information, including information regarding their exposure to the Debtors' products.

It is simply not credible for claimants to argue that they need discovery from the Debtors in order to determine exposure to the Debtors' products and complete the proof of claim form. First, the Debtors alleged asbestos liability arises from their manufacture of a home patch and repair product that they sold to local hardware stores.  The products were sold through distributors, and the Debtors simply do not know and do not have any information that shows the ultimate purchasers of their products.  Second, the Debtors were sued in the tort system for over

30 years prior to the commencement of these bankruptcy cases. The plaintiffs' law firms have taken discovery from the Debtors in literally thousands of cases and there is simply no additional information to be discovered regarding the Debtors' products or their distribution. Accordingly, it is no surprise that the objectors do not describe what information they allegedly need from the Debtors in order to determine whether they have exposure or to otherwise complete the claim form. The reason is that they already have it all, and they need no additional information from the Debtors. Only the claimants know whether they ever used or were otherwise exposed to the Debtors' products. And, the claim form contains an exhaustive list, vetted through discovery in these cases, and thousands of cases in the tort system, of the Debtors' asbestos-containing products. The claimants also know whether they have been exposed to other parties' products; the claimants know their work history; the claimants know whether they have submitted trust claims or entered into settlements regarding their claims. There is simply no basis for the contention that the claimants need some unidentified information from the Debtors in order to submit a claim or complete the claim form.

Further, other than their misguided statements regarding the automatic stay, the claimants have offered no explanation as to why the information requested by the claim form would not be readily available. All the requested information relates to either (a) the claimant's basis for asserting a claim against the Debtors and/or other parties or (b) steps the claimant has actually taken to recover on his or her claim from other parties. There is simply no reason why this information would not be readily available to the claimants.[11]

      **E**    **Alleged Need For the Debtors to Identify Law Firm Clients**

---

[11] Some objectors argue that the proposed order should not require claimants to complete the proof of claim form in accordance with the instructions because inadvertent mistakes or omissions could result in the disallowance of the claims. But, the proposed order does not provide that claims will be disallowed if information is missing or incorrect. The Court can address whether or not a particular claim is subject to disallowance based on lack of information if and when such an objection is made.

Several objectors assert that the Debtors should be required to (a) identify for each asbestos law firm the names of the claimants the law firm represents and (b) list the claimants on whose behalf the law firms filed personal injury questionnaires.  No explanation is given as to why the law firms would not know who their clients are or why the law firms would not know if they submitted a personal injury questionnaire on their clients' behalf.

Bankruptcy Rule 2019 and an order of this Court implementing that rule [D.I. 585] require the law firms and not the Debtors to disclose who they represent in the bankruptcy case.  In addition, even if the law firms for some reason lack this information, they can obtain it from their own representatives.  Both the ACC and the FCR have copies of the Debtors' asbestos claims database, which contains information regarding the claimants, including the law firms who represent them.  Both the ACC and the FCR also have the list of the submitted PIQs.  The Debtors should not be responsible for advising the law firms who they represent and what services they performed.

bankruptcy case. In addition, even if the law firms for some reason lack this information, they can obtain it from their own representatives. Both the ACC and the FCR have copies of the Debtors' asbestos claims database, which contains information regarding the claimants, including the law firms who represent them. Both the ACC and the FCR also have the list of the submitted PIQs. The Debtors should not be responsible for advising the law firms who they represent and what services they performed.

Dated: January 22, 2014

Respectfully submitted,

/s/ *Zachary I. Shapiro*
Daniel J. DeFranceschi (DE 2732)
Paul N. Heath (DE 3704)
Zachary I. Shapiro (DE 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

      -and-

Gregory M. Gordon (TX 08435300)
Dan B. Prieto (TX 24048744)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR DEBTORS