**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | : | Case No. 10-11780 (PJW) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | Hearing: May 6, 2014 at 10:30 a.m. |
| | : | Obj. Deadline: April 29, 2014 at 4:00 p.m. |

**DEBTORS' MOTION FOR APPROVAL OF ASBESTOS BAR DATE NOTICE PLAN**

    The above-captioned debtors (together, the "Debtors") hereby move the Court to approve, in connection with the entry of an order establishing bar dates in these cases, an asbestos claims bar date notice plan (the "Notice Plan") designed by The Garden City Group, Inc. ("GCG"), the Debtors' claim notice consultant.  In support of this motion, the Debtors submit the Declaration of Lael D. Dowd (the "Dowd Declaration"), a copy of which is attached hereto as Exhibit A and incorporated by reference herein, and respectfully state as follows:

**Background**

    1.  On May 31, 2010 (the "Petition Date"), each of the Debtors commenced a reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this

---

[1]  The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); and Bondex International, Inc. (4125).  The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

matter is proper in this district pursuant to 28 U.S.C. § 1409.

3. On September 26, 2013, the Official Committee of Asbestos Personal Injury Claimants (the "<u>ACC</u>") and Eric D. Green, the representative for future asbestos claimants in these cases (the "<u>FCR</u>"), filed the Joint Emergency Motion Of The Official Committee Of Asbestos Personal Injury Claimants And The Future Claimants' Representative For An Order (i) Fixing Bar Dates For the Filing of Proofs of Claim For Pre-Petition Non-Asbestos Claims Against Specialty Products Holding Corp.; (ii) Approving Bar Dates Notice and Mailing Procedures; and (iii) Granting Certain Supplemental Relief [D.I. 4141] (the "<u>Claimants' Bar Date Motion</u>"). Pursuant to the Claimants' Bar Date Motion, the ACC and the FCR sought to (a) establish a bar date for non-asbestos unsecured claims against only Specialty Products Holding Corp. ("<u>SPHC</u>"), and (b) provide only mail notice, and no publication notice, of the bar date to holders of known non-asbestos claims against SPHC.

4. On October 15, 2013, the Debtors filed the Debtors' (I) Objection to Joint Emergency Bar Date Motion of the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative and (II) Cross Motion For Additional Bar Dates and Related Relief [D.I. 4196] (the "<u>Debtors' Bar Date Motion</u>"). In the Debtors' Bar Date Motion, the Debtors indicated that they did not oppose the establishment of a bar date for non-asbestos unsecured creditors of SPHC, but requested that the Court also (a) set a bar date for unsecured creditors of Bondex International, Inc. ("<u>Bondex</u>"), and (b) extend the respective bar dates to include asbestos claimants of each of SPHC and Bondex. The Debtors further requested that the Court approve publication notices to be provided to asbestos and non-asbestos creditors of SPHC and Bondex.

5. Subsequently, the Court ruled that it would establish a bar date for all

claims, including asbestos personal injury claims.  See Hr'g Tr. 46:10-11, Nov. 5, 2013; Hr'g Tr. 12:21-22, Nov. 13, 2013; Hr'g Tr. 48:17-20, Feb. 5, 2014.[2]

**The Debtors' Retention of GCG as Claims Notice Consultant**

6. At the February 5, 2014 hearing in these cases, counsel for the ACC objected to the alleged inadequacy of the asbestos publication notice proposed by the Debtors. (Hr'g Tr. 49:3-20, Feb. 5, 2014.)  In support of the objection, counsel to the ACC proffered the testimony of Katherine Kinsella of Kinsella Media, LLC ("Kinsella"), who stated that the scope of the proposed publication notice was deficient because it would assertedly reach only about half of the target audience and the proposed form of notice was inadequate because it was "written in legal terminology that require[s] about three years of education beyond high school" to understand.  (Hr'g Tr. 51:1-13, Feb. 5, 2014.)  The ACC requested that the Court require the Debtors to retain Kinsella or "a similar group" or, alternatively, authorize the ACC to retain Kinsella to develop a notice plan for the bar date.[3]  (Hr'g Tr. 52:4-12, Feb. 5, 2014.)  The Court directed the parties to meet with Kinsella to consider her engagement.  (Hr'g Tr. 56:14-19, Feb. 5, 2014.)

7. Following the hearing, in accordance with the Court's directive, the Debtors and the ACC conferred with Ms. Kinsella regarding the development of a notice plan. After learning that Kinsella's cost of developing a sufficient notice plan would far exceed the $50,000 cost stated at the hearing (see Hr'g Tr. 51:14-21), the Debtors determined to solicit proposals from other firms with similar expertise.  Ultimately, the Debtors solicited bids from

---

[2] On December 9, 2013, the Debtors filed a proposed bar date order under certification of counsel [D.I. 4374] (the "Proposed Bar Date Order").  Subsequently, the Debtors have made certain modifications to the Proposed Bar Date Order and are continuing to discuss the terms of the order with the ACC and the FCR. The Debtors will file a revised Proposed Bar Date Order prior to the May 5, 2014 hearing.

[3] Although the ACC on behalf of itself and claimants' counsel requested that the Court require the Debtors to engage a notice consultant, its counsel at the same time made clear that, in the view of the ACC, it is impossible to give adequate notice to all asbestos claimants.  (Hr'g Tr. 57:7-12, Feb. 5, 2014.)

five other notice consultants and, after consideration of all the proposals, determined to retain GCG, which offered the most favorable arrangement, as claims notice consultant.

8. On March 19, 2014, the Debtors filed an application to retain and employ GCG as claims notice consultant, <u>nunc</u> <u>pro</u> <u>tunc</u>, as of March 1, 2014, to design and help implement an effective and appropriate program for publishing notice of the bar date [D.I. 4604]. On April 17, 2014, the Court entered an order approving the retention of GCG as claims notice consultant [D.I. 4672].

## The Notice Plan

9. In order to design the Notice Plan, GCG obtained relevant information from the Debtors and publicly available sources, including information regarding (a) the Debtors' asbestos-containing products, (b) the manufacture and sale of those products by the Debtors and The Reardon Company ("<u>Reardon</u>"), (c) the location of the Debtors' manufacturing facilities, (d) the Debtors' asbestos litigation history, including information regarding the location of lawsuits and claimants, and (e) the Debtors' corporate history. (Dowd Decl. ¶ 5.) In addition, GCG relied upon its extensive experience in developing notice plans, both in chapter 11 cases, including asbestos-related cases, and in non-bankruptcy class action cases. (<u>Id.</u>)

10. The Notice Plan is targeted to reach persons most likely to allege exposure to asbestos-containing products manufactured or sold by the Debtors or Reardon. It is multifaceted and comprehensive, and seeks to reach the target audiences described below in a variety of different ways.

11. In addition, the Notice Plan reflects input from the ACC and the FCR. The Debtors and GCG have engaged and are continuing to engage in discussions with the ACC and the FCR and may further modify the Notice Plan to address additional comments recently offered by them as well as any further comments that may be provided subsequent to the filing of

this motion.  A summary of the primary components of the Notice Plan is set forth below.[4]

        **A.**       **Target Audiences**

        12.       Based on the history of asbestos personal injury claims in the United States, the demographics used in other court-approved asbestos-related notice programs, the time periods during which the Debtors and The Reardon Company manufactured and sold asbestos-containing products, and the characteristics of individuals who have historically claimed exposure to Reardon, Bondex and SPHC asbestos-containing products in the tort litigation, GCG selected the population of men 55 years of age or older ("Men 55+") as the primary target audience.

        13.       GCG also selected a secondary target audience of adults 45 years of age or older ("Adults 45+").  In addition to taking into account the above factors, this target seeks to include all men and women who may have some recollection of the use of Bondex products in the late 1970s, when Bondex discontinued manufacturing and selling asbestos-containing products.

        **B.**       **Publication Notice**

        14.       GCG worked with Debtors' counsel to develop a publication version of the bar date notice that is written in a plain language style (the "Publication Notice").  The Publication Notice, which is designed with a large headline that allows a reader to easily self-identify, communicates important information about who must file a claim, examples of types and common usages of the Debtors' asbestos-containing products, and the deadlines and procedures to file a claim in a prominent and easy to understand manner.  The Publication Notice will be printed in the main sections of publications and not in the classified sections.  A copy of

---

[4]    Additional information regarding the Notice Plan is contained in the Dowd Declaration.

the Publication Notice is attached to the Dowd Declaration as Exhibit B.

### C.    Paid Advertising: Television, Print Media and Internet

15.    For the reasons set forth in the Dowd Affidavit, the Notice Plan concentrates on television and print media. In that regard, the Notice Plan includes a television campaign that will place thirty-second commercials in every one of the 210 television markets in the United States. The television commercials will run on local affiliate stations during various times of the day and will primarily target Men 55+.

16.    In addition, the Notice Plan includes an extensive print media campaign that includes publication of the Publication Notice in English, Spanish and French print media in the United States, Puerto Rico, Canada and Mexico. The print media campaign consists of publication of the Publication Notice in the following:

- a.   twelve national magazines;
- b.   three major national newspapers;
- c.   ten Spanish language newspapers;
- d.   a Puerto Rican daily newspaper;
- e.   seven Canadian newspapers;
- f.   two Mexican newspapers.
- g.   four asbestos and legal publications; and
- h.   fifteen trade magazines.

17.    A list of the print media in which the Publication Notice will be published, the language and approximate circulation of the publication, the estimated size of the notice to be placed in the publication and the number of times the notice will appear in the publications is attached to the Dowd Declaration as Exhibit E.

18.    The Notice Plan also includes an internet component to further enhance its

reach to unknown asbestos claimants. The internet notice component includes (a) banner advertisements on six premium, high-traffic websites, (b) a Facebook ad and (c) a "Sponsored Ad" triggered by a user's entry of specified key search terms into the Google search engine. A chart identifying the websites, the relevant URL, the duration of the ad and ad size is attached to the Dowd Declaration as Exhibit F. Copies of the respective internet ads and the list of Google search terms are attached as Exhibits G, H, and I to the Dowd Declaration.

### D.    Press Release and Third-Party Notification

19.    The Notice Plan also seeks to reach unknown claimants through (i) media outreach consisting of a press release broadly disseminated in the United States, Canada (in both English and French), Mexico (in Spanish), and the Caribbean and Pacific Islands and (ii) third-party direct mail outreach to ten associations in which asbestos claimants are likely to be members.

### E.    Timing and Cost of the Notice Plan

20.    The Notice Plan will extend over an approximate nine week period, beginning approximately four weeks after the entry of the order establishing the bar date. The proposed timeline for the various components of the Notice Plan, which assumes approval of the plan on May 6, 2014, is attached to the Dowd Declaration as Exhibit K.

21.    The estimated cost of the Notice Plan is approximately $3.2 million, which includes a 5% commission to GCG.

### F.    Reach and Frequency of the Notice Plan

22.    The Notice Plan is designed to reach 90% of Men 55+, with an average frequency of 3.7 times and 84% of Adults 45+, with an average frequency of 3.7 times. Reach refers to the estimated percentage of the unduplicated audience exposed to the notice. Frequency, in contrast, refers to how many times, on average, the target audience had the

opportunity to view the notice. Because only the national magazines, national newspapers, internet and television components of the program are measured in determining the official reach of the Notice Plan, the actual reach of the plan is necessarily understated. The presence of the non-measured elements, such as direct mailing; publication in local newspapers, legal and asbestos magazines, and trade magazines; Google search; media outreach; and third-party outreach to relevant associations, will only increase the effectiveness of the notice provided in the Notice Plan.

### G.  Direct Mail to Counsel of Known Claimants

23.   In addition to the notice provided by the Notice Plan, to reach currently identified holders of asbestos personal injury claims against the Debtors, a notice package that includes a bar date notice tailored for asbestos personal injury claimants and a proof of claim form will be mailed by certified mail to the last known address of counsel of record for all readily identifiable asbestos personal injury claimants. **That list consists of approximately 450 law firms.** The direct mail notice will be implemented by the Debtors' claims and noticing agent, Logan & Company, Inc. ("Logan").

### Relief Requested and Basis for Relief

24.   The Debtors respectfully request the entry of an order approving the Notice Plan.

25.   Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford[s] them an opportunity to present their claims." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Whether a particular notice program is reasonably calculated to apprise interested parties of the bar date depends upon the particular facts and circumstances. See, e.g, Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478, 484 (1988); In re The Grand Union Co.,

204 B.R. 864, 871 (Bankr. D. Del. 1997) ("Whether a creditor received adequate notice of a bar date depends upon the facts and circumstances of a given case." (quotes removed)).  Publication notice is sufficient with respect to unknown claimants — those claimants whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge [of the debtor]." In re Chemetron, 72 F.3d 341, 346 (3d Cir. 1995).

26. The Debtors submit that the Notice Plan is reasonably calculated to inform known and unknown asbestos personal injury claimants of the bar date.  The comprehensive, multifaceted Notice Plan will provide broad nationwide and targeted international notice to expansive target audiences in a manner carefully designed to efficiently and effectively reach holders and potential holders of asbestos personal injury claims against the Debtors.  In fact, without considering the impact of the mailing of bar date notice packages to all counsel of record, the Notice Plan is expected to reach 90% of men 55 years and older with an average frequency of 3.7 times and at least 84% of adults 45 years and older with an average frequency of 3.7 times.

27. The reach and frequency of the Notice Plan is substantial, particularly considering the Notice Plan's broad target audiences.  In class action cases, it is widely accepted that a projected reach of approximately 75% provides effective notice.  See Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010).  In addition, notice programs approved in other asbestos-related bankruptcy cases have had reaches ranging between 80% and 90.1%, with average frequencies between 2.35 and 4.0. See, e.g., In re Federal-Mogul Global Inc., Case No. 01-10578-CSS, Affidavit of Wayne L. Pines, Ex. E to Motion of Debtors and Debtors in Possession for an Order (A) Establishing Bar

Date for Filing Proofs of Claim on Account Asbestos-Related Damage to Property Located in the United States and Canada; (B) Approving Proposed Proof of Claim Form for such Asbestos-Related Property Damage Claims; and (C) Approving Scope and Manner of Notice of Bar Date for Asbestos-Related Property Damage Claims [D.I. 1682] (Bankr. D. Del. May 7, 2002) (describing bar date notice plan with reach of 80% and 86% for respective target audiences and respective frequencies of 2.36 and 2.68) (approved by order at D.I. 1867); In re W.R. Grace & Co., Case No. 01-01139-JJF, Revised Bar Date Notice Plan, Proof of Claim Forms and Related Materials [D.I. 1926-1] (Bankr. D. Del. April 12, 2002) (indicating national bar date notice plan has a reach of 90.1% for primary audience and 83.1% for secondary audience, with respective frequencies of 4.0 and 3.3 and Canadian notice plan has reach of 80.3%, with an average frequency of 1.9) (approved by order at D.I. 1963); see also In re USG Corp., Case No. 01-2094 (Bankr. D. Del. April 5, 2006), Affidavit of Katherine Kinsella in Support of Motion of Debtors for an Order Approving (A) Notice of Disclosure Statement Hearing, (B) Contents of Plan Solicitation Packages, (C) Procedures for the Distribution of Solicitation Packages and the Solicitation and Tabulation of Votes to Accept or Reject Proposed Joint Plan of Reorganization and (D) Certain Related Relief [D.I. 10807] (indicating that notice plan submitted in the plan context had a reach of 73.3% of target audience, with an average frequency of 2.1) (approved by order at D.I. 10847).

    28. The Notice Plan, which is multi-faceted and comprehensive and was prepared by GCG, a well known notice expert, will provide fair, adequate, and effective notice to holders and potential holders of asbestos personal injury claims against the Debtors. (Dowd Decl. ¶ 33.)

**Notice**

29.     Notice of this motion has been provided via overnight mail to: (a) the U.S. Trustee; (b) counsel to the ACC; (c) counsel to the FCR; (d) counsel to the Debtors' postpetition lender; (e) counsel to International; and (f) all parties that have filed requests for notice under Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

30.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that, in connection with the entry of the Proposed Bar Date Order, the Court grant: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated:  April 17, 2014 | Respectfully submitted, |
| | /s/ *Zachary I. Shapiro* |
| | Daniel J. DeFranceschi (DE 2732) |
| | Paul N. Heath (DE 3704) |
| | Zachary I. Shapiro (DE 5103) |
| | RICHARDS, LAYTON & FINGER, P.A. |
| | One Rodney Square |
| | 920 North King Street |
| | Wilmington, Delaware 19801 |
| | Telephone:  (302) 651-7700 |
| | Facsimile:  (302) 651-7701 |
| | -and- |
| | Gregory M. Gordon (TX 08435300) |
| | Dan B. Prieto (TX 24048744) |
| | JONES DAY |
| | 2727 N. Harwood Street |
| | Dallas, Texas  75201 |
| | Telephone:  (214) 220-3939 |
| | Facsimile:  (214) 969-5100 |
| | ATTORNEYS FOR DEBTORS |