# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al*. | Case No. 10-11780 (PJW) |
| | Jointly Administered |
| Debtors. | **Reference Docket No. 4673** |
| | Objection Deadline: Extended to May 1, 2014 at 12:00 p.m. (ET) for the FCR and Committee |
| | Hearing Date: May 6, 2014 at 10:30 a.m. (ET) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS AND
THE FUTURE CLAIMANTS' REPRESENTATIVE
TO DEBTORS' MOTION FOR
<u>APPROVAL OF ASBESTOS BAR DATE NOTICE PLAN</u>**

The Official Committee of Asbestos Personal Injury Claimants in the above-captioned chapter 11 cases (the "Committee") and Eric D. Green, the legal representative for future claimants (the "Future Claimants' Representative" or the "FCR", and jointly with the Committee, the "Claimants' Representatives") in the above-captioned chapter 11 cases, jointly files this objection (the "Objection") to Debtors' Motion for Approval of Asbestos Bar Date Notice Plan [D.I. 4673] (the "Motion").[1] In support of this Objection, the Claimants' Representatives respectfully represents as follows:

## <u>OBJECTION</u>

### <u>Deficiencies in the Bar Date Media Plan</u>

1. This Court has ordered that a bar date will be established for all current and future victims of the Debtors' products. *See, e.g.* Tr. 11/5/2013 at 46:10-11; Tr. 11/13/2013 at 12:21-22; Tr. 2/5/2014 at 48:17-20.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

01:15403806.7

2. The Bar Date Media Plan as presently proposed by the Debtors is inadequate to provide effective due process notice to those individuals with present asbestos injuries who did not have a pending claim as of the bankruptcy filing date, including: (1) the Bar Date Media Plan does not use the appropriate mix of media to maximize the reach of the media campaign to notify claimants of the need to file a claim; (2) the Bar Date Media Plan does not presently provide sufficient information regarding the Debtors' products and how they were used to permit potential claimants to determine whether they were exposed to the Debtors' products; (3) the forms of the Bar Date Media Plan are not written in plain language designed to maximize an unrepresented claimant's understanding regarding the need to act;  and (4) the Bar Date Media Plan does not sufficiently advise claimants who know that they have an asbestos injury but do not know whether or not they were exposed to the Debtors' products (because the claimants have been unable to pursue discovery since the filing of the case) of the need to act.

3. Moreover, the proposed bar date is extraordinary in that it is the first bar date that has ever been entered in an asbestos context which seeks to bar the claims of persons who have not yet manifested any asbestos injury. Yet, the notice plan proposed is no more wide-reaching or extensive than that used in cases seeking to reach persons who are aware that they have an injury.  While the Committee and FCR continue to believe that it is not possible to provide effective due process notice to persons who have not yet manifested an asbestos injury and expressly object on those grounds, additionally, the Bar Date Media Plan as proposed is additionally deficient for the reasons set forth above and because it fails to explain why filing a proof of claim is or may be in the economic interest of such persons.

4. The parties have been engaged in a dialogue regarding the proposed Bar Date Media Plan over the last six weeks.  While the parties have reached agreement on a number of

issues raised by the Claimants' Representatives regarding the proposed forms, there are a number of issues that the parties have not yet resolved. The Claimants' Representatives believe that additional progress can be made if that dialogue continues. Conversely, if the parties are not able to reach agreement on some issues, the Claimants' Representatives believe that it will be necessary to create an evidentiary record to aid the Court in making its ruling.

### Combined Notice of Bar Date and Plan Solicitation

5.  The Claimants' Representatives alson request that the Bar Date Notice Plan be modified to include the solicitation of votes on the Third Amended Plan Proposed by the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative for Specialty Products Holding Corp. (as may be amended from time to time, the "Claimants' Plan") and the First Amended Joint Plan of Reorganization of Specialty Products Holding Corp. and Bondex International, Inc. (as may be amended from time to time, the "Debtors' Plan" and collectively, with the Claimants' Plan, the "Plans").

6.  The Debtors' Chapter 11 cases have been pending for approximately four years. The Committee and the FCR filed a plan of reorganization in these cases nearly two years ago and have had the current version of the Claimants' Plan pending for more than four months. Further delay is unnecessary and unfair to asbestos claimants who have already waited years to be compensated for their injuries.

7.  A concurrent bar date and voting processes will satisfy the Court's desire for a bar date for asbestos claims but avoid the interminable delay were the Court to engage in claims allowance prior to plan voting. Given the Third Circuit's denial of certification of the estimation appeals, *see* Order *In re Specialty Prods. Holding Corp.*, No. 14-8020 (3d Cir. Apr. 4, 2014) (denying Debtors' petition); Order, *In re Specialty Prods. Holding Corp.*, No. 14-8019 (3d Cir.

01:15403806.7

Apr. 4, 2014) (denying RPM International Inc.'s petition), there is no reason to postpone embarking on a plan confirmation process.

8. The Committee and FCR have proposed to the Debtors, and believe that the parties should work collaboratively, to coordinate the approval of: (i) the adequacy of one or both of the disclosure statements; (ii) solicitation and tabulation procedures (the "Voting Procedures"); (iii) the forms of ballots and master ballots (including, where applicable, joint ballot and proxy forms and master joint ballot and proxy forms) to be used by claimants in voting on the Plan(s) (the "Ballots" and the "Master Ballots," respectively); with (iv) the forms, manner and scope of mailed and publication notices of (a) establishment of a deadline for submission of ballots ( the "Voting Deadline") and (b) the hearing to confirm the Plan(s) which would be included in the Bar Date Notice.

9. Concurrent Bar Date and Voting processes is an effective and efficient way to move these Chapter 11 Cases forward. Including the Voting Deadline and Notice of Confirmation Hearing on the Plan(s) in the publications, television spots, print media, internet, press releases, and third-party direct mailings contemplated in the Bar Date Notice Plan can be accomplished with minimal additional cost to the Debtors' estates. In contrast, separately providing publication notice of the Voting Deadline and Confirmation Hearing on the Plan(s) will result in the estates unnecessarily incurring substantial additional costs by having two completely distinct notices.

10. The Bar Date Notice Plan includes paid advertising with an estimated cost of approximately $3.2 million. Cost and efficiency considerations militate toward combining notice of the bar date and solicitation as proposed.

11. Given the difficulty of reaching the individuals the Debtors are attempting to

contact here, which may include over 40 million people, it is appropriate to use a single notice package to supply these individuals with the information they will need with respect to both filing a claim and voting on the Plan(s).

12. Accordingly, the Claimants' Representatives submit that the Court ultimately should implement the following procedures and deadlines concerning the Bar Date and voting on the Plan(s):

- Establish a Voting Deadline that is 30 days after the Bar Date

- Include the Solicitation Package(s) with bar date notice that are distributed to known creditors of the Debtors' estate

- Establish a mechanism for Ballots and Master Ballots to be submitted electronically

- Provide separate links on any listed website or other internet page developed in connection with the notice plan for: (a) filing proofs of claim electronically; (b) downloading the solicitation packages; and (c) submitting ballots electronically (by individuals or by master ballot).

- Provide a mechanism that generates a service list of claimants who did not receive Solicitation Package(s) that submit proofs of claim, distribute Solicitation Packages to these individuals, other than Asbestos Personal Injury Claimants who are represented by counsel, before the deadline for distribution of Solicitation packages

- Establish relevant deadlines for temporary allowance for voting purposes for Claims, other than Asbestos PI Claims

## CONCLUSION

For all of the foregoing reasons, the Claimants' Representatives respectfully request that the Court (i) adjourn the hearing on notice plan, (ii) order parties to meet and confer on modifications to the notice plan to ensure the most efficient ways to use estate funds to provide adequate notice and advise of the concurrent bar-date and balloting processes, (iii) schedule a hearing to approve the disclosure statements and solicitation procedures, and (iv) grant such other and further relief as justice may require.

01:15403806.7

Dated: May 1, 2014
Respectfully Submitted,

| MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| By:    */s/ Natalie D. Ramsey*<br>     Natalie D. Ramsey, Esquire<br>     Mark A. Fink, Esquire<br>     1105 North Market Street, Suite 1500<br>     Wilmington, DE 19801<br>     (Tel.) 302-504-7800<br><br>              and<br><br>     Mark B. Sheppard, Esquire<br>     123 South Broad Street<br>     Philadelphia, PA 19109<br>     (Tel.) 215-772-1500<br><br>*Counsel for the Official Committee of Asbestos Personal Injury Claimants* | By:    */s/ Edwin J. Harron*<br>     James L. Patton, Jr., Esquire<br>     Edwin J. Harron, Esquire<br>     Edmon Morton, Esquire<br>     Sharon Zieg, Esquire<br>     Erin Edwards, Esquire<br>     Rodney Square<br>     1000 North King Street<br>     Wilmington, DE 19801<br>     (Tel.) 302-571-6600<br><br>*Counsel to the Future Claimants' Representative* |