IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al*. | Case No. 10-11780 (PJW) |
| | Jointly Administered |
| Debtors. | **Reference Docket No. 4673 and 4699** |

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND THE FUTURE CLAIMANTS' REPRESENTATIVE REQUESTING AN ADJOURNMENT OF THE DEBTORS' MOTION FOR APPROVAL OF ASBESTOS BAR DATE NOTICE PLAN**

The Official Committee of Asbestos Personal Injury Claimants in the above-captioned chapter 11 cases (the "Committee") and Eric D. Green, the legal representative for future claimants (the "Future Claimants' Representative" or the "FCR" and with the Committee, the "Claimants' Representatives") in the above-captioned chapter 11 cases, file this motion (the "Motion") seeking an order adjourning the Debtors' Motion for Approval of Asbestos Bar Date Notice Plan [D.I. 4673] (the "Bar Date Media Plan Motion").[1] In support of this Motion, the Claimants' Representatives respectfully represent as follows:

**BACKGROUND**

1.      On May 31, 2010 (the "Petition Date"), SPHC and Bondex commenced their respective bankruptcy cases (collectively, the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

3675551v1

2.      SPHC is wholly owned subsidiary of International, the direct parent of Bondex, and the direct or indirect parent of certain other domestic and foreign non-debtor subsidiaries. SPHC was known as RPM, Inc. until May 26, 2010, five (5) days before the Petition Date.

3.      Each debtor remains in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      Bondex has no assets and, to the Movant's knowledge and belief, has been defunct since 1999. SPHC's assets consist solely of its direct and indirect ownership in its operating subsidiaries.

5.      According to the Debtors' representations before the Bankruptcy Court, Bondex was served with its first asbestos-related lawsuit in 1980 and SPHC received its first asbestos-related lawsuit in 1992. As of the Petition Date, the Debtors were individually or collectively named in approximately 15,000 pending lawsuits for claims arising from death, wrongful death, or personal injury, for, based on, arising out of, resulting from, or attributable directly or indirectly to the presence of or exposure at any time to asbestos and includes claims settled by one or both of the Debtors but not paid prior to the Petition Date (the "Asbestos Claims"). A significant portion of these lawsuits involve individuals who are suffering from or who have died as a result of mesothelioma.

6.      On June 10, 2010, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [D.I . 75]. The Committee was thereafter reconstituted by the UST on October 18, 2010 [D.I. 457] and again on December 14, 2010 [D. I. 666].[2]

---

[2]     As currently constituted, the Committee consists of: Myron Butler, c/o The Ferraro Law Firm, P.A.; Deborah Papaneri as representative for the Estate of Charles Papaneri, c/o Robert B. Paul, Paul Reicht & Myers, P.C.; James L. Mongolluzzo, c/o Mark C. Meyer, Goldberg, Persky

7.     On September 10, 2010, the Debtors filed their Application for an Order Appointing Eric D. Green as Legal Representative for Future Asbestos Claimants [D.I. 374]. On October 18, 2010, the Bankruptcy Court entered an Order Appointing Eric D. Green as Legal Representative for Future Claimants [D.I. 449].

## RELIEF REQUESTED

By this Motion, the Claimants' Representatives seek an adjournment of the hearing to consider the Bar Date Media Plan Motion until the omnibus hearing set on June 10, 2014 or such other date as accommodates this Court's schedule.

## BASIS FOR RELIEF

Following the retention of The Garden City Group ("GCG") by the Debtors in these cases, the Debtors and GCG worked to develop a media plan (the "Bar Date Media Plan") to provide notice of the bar date in these cases  On April 17, 2014, the Debtors filed the Bar Date Media Plan Motion.

Beginning approximately six weeks after the retention of GCG when the Debtors first began to provide certain information regarding the media plan being developed, until as recently as yesterday, each of the Claimants' Representatives and the Debtors had multiple communications regarding the nature and extent of the Bar Date Media Plan. Most recently, the Debtors provided proposed modifications to certain media plan materials on April 30, 2014. Additional materials, such as the proposed television spot proposed by the Debtors as part of the

---

& White, P.C.; Roy Leggett, c/o Jeffrey B. Simon, Simon Eddins & Greenstone, LLP; Antonietta DiMeglio, c/o Ethan Early, Early & Strauss, LLC; Lloyd H. Lohr, c/o Thomas M. Wilson, Kelly & Ferraro LLP; David A. Kalil, c/o Waters & Kraus LLP; Victor Dillbeck, c/o John Barry Julian, Gori Julian & Associates, P.C.; Charles A. Wilson, c/o Robert W. Phillips, Simmons Browder, et al.; Zdenek Machalka, c/o John D. Cooney, Cooney & Conway; and John Philip Eggers, as representative for the Estate of Jane Young, c/o Brian T. Fitzpatrick, Belluck & Fox, LLP. The Committee is chaired by Mr. Machalka.

3675551v1

Bar Date Media Plan have yet to be provided to the Claimants' Representatives.

With respect to the materials received to date, the Claimants' Representatives have raised a number of concerns regarding the Bar Date Media Plan which are more fully detailed in the Objection of the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative to Debtors' Motion for Approval of Asbestos Bar Date Media Plan (D.I. 4699) (the "Objection").  The Objection raises significant issues regarding the nature and scope of the Bar Date Media Plan including the focus on print media and internet given the Debtors' intended target audience (men aged 55+) and questions the materials proposed in connection with the Bar Date Media Plan.

Separately, the Objection sought to delay approval of the Bar Date Media Plan so that the Claimants' Representative and the Debtors hopefully could work collaboratively to use the Bar Date Media Plan as not only a notice of the bar date but also advise of the voting deadlines for the plans filed in these cases.  The Claimants' Representatives believe that such a proposal would preserve estate assets, facilitate a speedier bar date and solicitation process, and reduce creditor confusion which could be caused by multiple notices with different deadlines.

Prior to filing the Objection, the Claimants' Representatives requested a voluntary adjournment of the Bar Date Media Plan based on the reasons set forth herein as well as in the Objection.  The Claimants' Representatives recognized that an evidentiary hearing will be needed in connection with the Bar Date Media Plan if the Objection cannot be resolved including, among other things, testimony from multiple expert witnesses each of whom will need to be deposed prior to the hearing.  As of the filing of the Motion, the Debtors have not responded to this request.

Recognizing the timing of the upcoming hearing and in recognition that the Court's

schedule may not be available for a lengthy contested hearing, the Claimants' Representatives are filing this Motion seeking to adjourn hearing on the Bar Date Media Plan Motion until the June 10, 2014 omnibus hearing or such other date and time as may accommodate the Court's schedule, as well as an associated motion to shorten consideration of the Motion.

## **CONCLUSION**

For all of the foregoing reasons, the Claimants' Representatives respectfully requests that the Court: (i) adjourn the hearing on Bar Date Media Plan, and (ii) grant such other and further relief as justice may require.

Dated: May 1, 2014
Respectfully Submitted,

| MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| By:   /s/ Natalie D. Ramsey  <br>Natalie D. Ramsey, Esquire<br>Mark A. Fink, Esquire<br>1105 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>(Tel.) 302-504-7800<br><br>and<br><br>Mark B. Sheppard, Esquire<br>123 South Broad Street<br>Philadelphia, PA 19109<br>(Tel.) 215-772-1500<br><br>*Counsel for the Official Committee of Asbestos Personal Injury Claimants* | By:   /s/ Edwin J. Harron  <br>James L. Patton, Jr., Esquire<br>Edwin J. Harron, Esquire<br>Edmon Morton, Esquire<br>Sharon Zieg, Esquire<br>Erin Edwards, Esquire<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(Tel.) 302-571-6600<br><br>*Counsel to the Future Claimants' Representative* |