UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | Case No. 10-11780 (PJW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: Sept. 26, 2014 at 11:00 a.m. (ET) |
| | Obj. Deadline: Sept. 19, 2014 at 4:00 p.m. (ET) |

**MOTION OF THE DEBTORS FOR AN ORDER
ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors (the "Debtors") hereby move the Court for the entry of an order, pursuant to section 501 of the Bankruptcy Code, Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order:  (i) establishing the general bar date (the "General Bar Date") by which all entities, except as otherwise provided herein, must file proofs of claim in these chapter 11 cases; (ii) establishing the date by which proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases must be filed in these cases (the "Rejection Bar Date"); (iii) establishing the date by which entities must file proofs of claim in these cases as a result of any amendment by the Debtors of their schedules of assets and liabilities (the "Amended Schedule Bar Date" and, collectively with the General Bar Date and the Rejection Bar Date; the "Bar Dates"); and (iv) approving the general form and

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); Bondex International, Inc. (4125); Republic Powdered Metals, Inc. (4388); and NMBFiL, Inc. (2441).  The address of Specialty Products Holding Corp. and Bondex International, Inc. is 4515 St. Clair Avenue, Cleveland, Ohio 44103.  The address of Republic Powdered Metals, Inc. and NMBFiL, Inc. is 2628 Pearl Road, Medina, Ohio 44256.

DLI-6335945v10

manner of notice of the Bar Dates.  In support of this motion, the Debtors respectfully represent as follows:

## Background

1.  On May 31, 2010, Specialty Products Holding Corp. ("SPHC") and Bondex International, Inc. ("Bondex" and, together with SPHC, the "Initial Debtors") each commenced a reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On August 15, 2014, NMBFiL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On August 31, 2014, Republic (and, together with NMBFiL, the "New Debtors") commenced a chapter 11 case.

2.  The Debtors are continuing in possession of their respective properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

3.  On June 10, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed a statutory committee of asbestos personal injury claimants (the "Committee") in the Initial Debtors' cases, pursuant to section 1102 of the Bankruptcy Code.  The U.S. Trustee reconstituted the Committee on October 18, 2010 [D.I. 457] and again on December 14, 2010 [D.I. 666].  On October 18, 2010, the Court entered an order [D.I. 374] appointing Professor Eric D. Green as the legal representative for future asbestos claimants in the Initial Debtors' cases (the "Future Claimants' Representative").

4.  On July 19, 2010, the Initial Debtors filed their respective schedules of assets and liabilities and statements of financial affairs pursuant to Bankruptcy Rule 1007.  The

---

[2] This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

New Debtors anticipate filing their schedules of assets and liabilities and statements of financial affairs (respectively, the "Schedules") on or before September 30, 2014.[3]

5. SPHC is a wholly-owned subsidiary of non-debtor RPM International Inc. ("International"), and the holding company parent of Debtor Bondex. The New Debtors are indirect subsidiaries of International and affiliates of the Initial Debtors.

6. On July 26, 2014, Republic, NMBFiL, the Initial Debtors and International entered into settlement term sheets with the Committee, the Future Claimants' Representative and others, pursuant to which the parties agreed on a consensual plan of reorganization that will provide for the creation and funding of a trust or trusts for the benefit of current and future asbestos personal injury claimants of the Debtors.

***Bar Date Procedural Background***

7. On September 26, 2013, the Committee and Future Claimants' Representative filed a motion to fix bar dates for filing proofs of claims for pre-petition non-asbestos claims [D.I. 4141] (the "Claimants' Bar Date Motion"). On October 15, 2013, the Initial Debtors objected to the Claimants' Bar Date Motion and sought, among other things, a bar date for all claims, including asbestos personal injury claims [D.I. 4196]. The Committee and Future Claimants' Representative, along with other parties, opposed the entry of a bar date for asbestos personal injury claims, and the issue was addressed at multiple hearings before the Court.

8. Notwithstanding the parties' disagreement with respect to the imposition of an asbestos personal injury claims bar date, all parties supported and continue to support the establishment of a bar date for claims other than asbestos personal injury claims.

---

[3]  Pursuant to Local Rule 1007-1, Republic has 30 days from its petition date, August 31, 2014, to file its Schedules. On August 29, 2014, NMBFiL filed a motion seeking to extend the deadline to file its Schedules to September 30, 2014. That motion remains pending.

**Request For An Order (A) Establishing the Bar Dates and Related
Claims Procedures and (B) Approving Form and Manner of Notice Thereof**

9. In order for the Debtors to complete the reorganization process and make distributions under any plan or plans of reorganization confirmed in these cases, the Debtors require, among other things, complete and accurate information regarding the nature, validity and amount of claims that will be asserted in these chapter 11 cases. As used in this motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

10. Consequently, the Debtors request that, pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), the Court (a) establish the Bar Dates and related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

11. The General Bar Date shall apply to all claims of any kind, except as otherwise provided herein and expressly excluding asbestos personal injury claims. In addition, an administrative expense of any Debtor's chapter 11 case under section 503(b) of the Bankruptcy Code does not need to be filed by the General Bar Date, except for an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, which claim must be filed by the General Bar Date. The claims subject to the General Bar Date are referred to herein as "General Claims."

A.   *Establishment of the Bar Dates*

12. The General Bar Date. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Following the date that an order is entered approving this motion and establishing the Bar Dates (the "Bar Date Order"), the Debtors will serve a notice of the Bar Dates and a proof of claim form upon all known entities holding potential claims subject to the Bar Dates.

13. As described above, while the Initial Debtors have filed their Schedules, the New Debtors have not yet filed their Schedules and anticipate doing so on September 30, 2014. The Debtors intend that the date on which they actually serve the notice of the Bar Dates and the proof of claim form will occur no later than seven days after the New Debtors file their Schedules. The Debtors request that the Court establish the General Bar Date as the date that is 45 days after the New Debtors file their Schedules. The Debtors will include a specific date as the General Bar Date on the Bar Dates Notice (as defined below) and believe such date will be on or around November 14, 2014.

14. Unless they fall within one of the exceptions described below, the General Bar Date is the date by which all entities,[4] including governmental units,[5] holding prepetition General Claims, must file proofs of claim with respect to such General Claims.

15. <u>The Rejection Bar Date</u>. The Debtors anticipate that certain entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, for any claim relating to a Debtor's rejection of an executory contract or unexpired lease (a "<u>Rejection Damages Claim</u>") approved by the Court pursuant to an order entered prior to confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case, the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date or (b) 30 days after the effective date of rejection of such executory contract or unexpired leases. The Debtors will recite the Rejection Bar Date in any order approving the rejection of any executory contract or unexpired lease.

---

[4] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

[5] As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

16. <u>The Amended Schedule Bar Date</u>.  The Debtors propose further that they will retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any claim as disputed, contingent or unliquidated; <u>provided</u>, <u>however</u>, that if a Debtor amends its Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against the Debtor, the affected claimant will have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of the amended scheduled claim.  The Debtors request that the Amended Schedule Bar Date be established as the later of (a) the General Bar Date or (b) twenty-one (21) days after the date that notice of the applicable amendment to the Schedules is served on the claimant.  Such notice will recite the Amended Schedule Bar Date.  Notwithstanding the foregoing, nothing contained herein would preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### B. *Proofs of Claim That Must Be Filed by the General Bar Date*

17. The Debtors propose that, except as otherwise provided herein, the following entities must file proofs of claim with respect to General Claims on or before the General Bar Date:

> (a) any entity whose prepetition General Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

> (b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an

incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules.

C. *Proofs of Claim Not Required to be Filed by the General Bar Date*

18. The Debtors propose that the following entities, whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

(a) any entity that already has properly filed a proof of claim against any of the Debtors in accordance with the procedures described herein;

(b) any entity (i) whose claim against a Debtor is not listed as disputed, contingent or unliquidated in the Schedules and (ii) that agrees with the nature, classification and amount of its claim as identified in the Schedules;

(c) any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d) International or any of its affiliates (as such term is defined in section 101(2) of the Bankruptcy Code);

(e) any entity holding an asbestos personal injury claim; and

(f) any Debtor.

D. *No Requirements to File Proofs of Interest*

19. The Debtors propose that any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest

Holders that wish to assert <u>claims</u> against either of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this motion applies.

### E. *Effect of Failure to File Proofs of Claim*

20. The Debtors propose that, unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any creditor whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated that fails to file a proof of claim in these chapter 11 cases by the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting or distribution.

### F. *Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim*

21. The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. The Debtors propose to serve on all known entities holding potential prepetition General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as <u>Exhibit A</u> and incorporated herein by reference (the "<u>Bar Dates Notice</u>"); and (b) a proof of claim form substantially in the form of Official Form No. 10 (the "<u>Proof of Claim Form</u>" and, collectively with the Bar Dates Notice, the "<u>Bar Dates Notice Package</u>").[6]

22. The Bar Dates Notice states, among other things, that proofs of claim must be filed with Logan & Company, Inc. ("<u>Logan</u>"), the Debtors' claims and noticing agent, on or before the applicable Bar Date. As soon as practicable, but in any event no later than seven days after the New Debtors file their Schedules, the Debtors intend to mail the Bar Dates Notice

---

[6] The Proof of Claim Form has been modified, and may be further modified in certain limited respects, to accommodate the claims process in these cases.

Package by first class United States mail, postage prepaid, to all known potential holders of General Claims (the "General Claimants").[7]

23. The Proof of Claim Form will state, along with the claimant's name: (a) whether the General Claimant's claim is listed in the Schedules and, if so, the Debtor against which the General Claimant's claim is scheduled; (b) whether the General Claimant's claim is listed as disputed, contingent or unliquidated; and (c) whether the General Claimant's claim is listed as secured, unsecured or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

24. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original of the Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d),[8] to Logan at the address

---

[7] Such potential holders shall include (a) all holders of claims listed on the Schedules; (b) all counterparties to executory contracts and unexpired leases listed in the Schedules; (c) the District Director of Internal Revenue for the District of Delaware; (d) the Securities Exchange Commission; (e) the taxing and other regulatory entities for the jurisdictions in which the Debtors do business; (f) all entities that have requested notices pursuant to Bankruptcy Rule 2002 in these cases as of the date of entry of the Bar Date Order; (g) International, the equity security holder of SPHC; (h) RPM Industrial Holdings Company, the equity security holder of Republic; (i) DAP Products Inc., the equity security holder NMBFiL, (j) all other entities listed on the Debtors' respective matrices of creditors except holders of claims that are not General Claims; and (k) pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known. Logan will also mail the Bar Dates Notice Package to the U.S. Trustee, the members of the Committee and the Future Claimants' Representative and their respective counsel.

[8] Bankruptcy Rule 3001(c) requires as follows:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or description shall be filed with the claim.

Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

identified on the Bar Dates Notice so as to be received no later than 5:00 p.m., Eastern Time on the applicable Bar Date.  All such filed proofs of claim must:  (a) be written in English; (b) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (Eastern Time) on May 31, 2010 with respect to claims against the Initial Debtors, August 15, 2014 with respect to claims against NMBFiL and August 31, 2014 with respect to claims against Republic; and (c) conform substantially with the Proof of Claim Form.  The Debtors propose that General Claimants be permitted to submit proofs of claim in person or by courier service, hand delivery or mail.  Proofs of claim submitted by facsimile or e-mail will not be accepted.  Proofs of claim will be deemed filed when actually received by Logan.  If a General Claimant wishes to receive acknowledgement of Logan's receipt of a proof of claim, the General Claimant also must submit to Logan by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

25. Establishing a General Bar Date in these chapter 11 cases that is 45 days after the New Debtors file their Schedules will give potential General Claimants an adequate amount of time to review the Debtors' Schedules and prepare and file proofs of claim, if necessary.

G. *Filing Proofs of Claim Against Multiple Debtors; Failure to Identify Debtor*

26. The Debtors propose that all entities asserting General Claims against multiple Debtors be required to file a separate proof of claim with respect to each Debtor.  If entities are permitted to assert claims against multiple Debtors in a single proof of claim, Logan may have difficulty maintaining separate claims registers for each Debtor, and the Debtors may be required to object to a proof of claim to clarify the proper Debtor liable for the amounts

identified in the claim.  Likewise, entities should be required to identify on each proof of claim the particular Debtor against which their claim is asserted.  Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in these cases.  This requirement will not be unduly burdensome on claimants since those entities will know, or should know, the identity of the Debtor against which they are asserting a claim.

### H. *Publication of Notice*

27. In light of the size, complexity and extensive history of the Debtors' businesses, potential General Claims against the Debtors may exist that the Debtors are unable to identify on the Schedules.  Such unknown potential General Claims may include, for example, (a) General Claims of trade vendors that failed to submit invoices to the Debtors; (b) General Claims of former employees; (c) General Claims of entities with potential unasserted causes of action against the Debtors; and (d) General Claims that, for various other reasons, are not recorded in the Debtors' books and records.  Accordingly, the Debtors believe that (a) it is necessary to provide notice of the Bar Dates to entities with potential General Claims whose names and addresses are unknown to the Debtors and (b) it is advisable to provide supplemental notice to known General Claimants.

28. Therefore, pursuant to Bankruptcy Rules 2002(l)[9] and 9008, the Debtors request authority to publish notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit B and incorporated herein by reference (the "Publication Notice") on or before the date on which the Debtors actually serve the Bar Dates Notice Package, in the *Cleveland Plain Dealer*, *St. Louis Post-Dispatch* and the national editions of *The New York*

---

[9] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

*Times*, *The Wall Street Journal*, and *USA Today*.  As set forth in <u>Exhibit B</u> hereto, the Publication Notice will contain (a) a website address where potential General Claimants may download the relevant proof of claim form and related instructions; and (b) a toll-free number whereby potential General Claimants can seek additional information with respect to filing General Claims.

## *I.     Special Bar Dates*

29.     In the event that:  (a) one or more Bar Dates Notice Packages are returned by the post office with forwarding addresses, necessitating a mailing to the new addresses; (b) certain parties acting on behalf of parties in interest decline to forward the packages to such parties and instead return their names and addresses to Logan for direct mailing; and (c) additional potential holders of claims become known to the Debtors (collectively, the "<u>Special Bar Date Parties</u>"), the Debtors request authority to make supplemental mailings of the Bar Dates Notice Package up to twenty-three (23) days in advance of the Bar Dates, with any such supplemental mailings being deemed timely.

30.     In addition, the Debtors seek authority to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Dates Notice Packages is necessary and cannot be accomplished prior to twenty-three (23) days in advance of an applicable Bar Date.  With respect to the Special Bar Date Parties, the Debtors seek to establish special bar dates at least twenty-three (23) days after the date on which Logan mails the notice of each such special bar date.  Such notice will substantially take the form of the Bar Dates Notice (with necessary modifications to reflect the special bar date provisions).  The Debtors will advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto

and a copy of the bar date notice applicable to the special bar date. In addition to being filed with the Court, Logan will serve such notice upon counsel to the Committee, counsel to the Future Claimants' Representative, the U.S. Trustee, and those parties who have filed a notice of appearance and demand for papers in the chapter 11 cases. A certificate of service will be filed to evidence the mailing of each special bar date notice to the parties subject thereto.

31. The Debtors request that each of the special bar dates apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. Further, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, govern as to any of the Special Bar Date Parties who may be found to have received effective notice of the Bar Dates. The Bar Dates will remain effective and fully enforceable with respect to known parties who have received actual notice thereof pursuant to the Bar Dates Notice.

32. As a result of all of these procedures and efforts, as well as the anticipated and ongoing public attention to the Debtors' chapter 11 cases and the establishment of the Bar Dates as requested in this motion, the General Claimants will have or should have the information necessary to be able to file a proof of claim in these cases.

## Notice

33. Notice of this motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Future Claimants' Representative; (d) the law firms with pending asbestos personal injury cases against the New Debtors, as identified in each New Debtors' chapter 11 petitions; (e) counsel to International; and (f) all parties that have filed requests for notice under Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

34.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C:  (i) approving a date that is 45 days after the New Debtors file their Schedules as the General Bar Date, pursuant to section 501 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), for all General Claims, except as otherwise provided herein; (ii) establishing the Rejection Bar Date as the bar date for Rejection Damages Claims; (iii) establishing the Amended Schedule Bar Date as the bar date for proofs of claim responding to amendments to the Schedules; (iv) approving the form and manner of service of the Bar Dates Notice Package, pursuant to Bankruptcy Rule 2002(a)(7) and Local Rule 2002-1(e); (v) approving the form and manner of publication of the Publication Notice, pursuant to Bankruptcy Rule 2002(l); and (vi) granting such other and further relief as the Court may deem proper.

<table>
<tr><td>Dated:  September 5, 2014</td><td>Respectfully submitted,<br><br>*/s/ William A. Romanowicz*<br>Daniel J. DeFranceschi (DE 2732)<br>Paul N. Heath (DE 3704)<br>Zachary I. Shapiro (DE 5103)<br>William A. Romanowicz (DE 5794)<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>920 North King Street, P.A.<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701<br><br>-and-<br><br>Gregory M. Gordon (TX 08435300)<br>Dan B. Prieto (TX 24048744)<br>Paul M. Green (TX 24059854)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas  75201<br>Telephone:  (214) 220-3939<br>Facsimile:  (214) 969-5100<br><br>PROPOSED ATTORNEYS FOR NEW DEBTORS AND ATTORNEYS FOR INITIAL DEBTORS</td></tr>
</table>