## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.,*[1] | : | Case No. 10-11780 (PJW) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : | Re: Docket Nos. 4949 & *5014* |

## ORDER ESTABLISHING BAR DATES FOR
## FILING PROOFS OF CLAIM, OTHER THAN
## ASBESTOS PERSONAL INJURY CLAIMS, AND APPROVING RELATED RELIEF

This matter coming before the Court on Motion of the Debtors For An Order Establishing Bar Dates For Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Motion");[2] the Court having reviewed the Motion; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Motion was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

---

[1]     The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); Bondex International, Inc. (4125); Republic Powdered Metals, Inc. (4388); and NMBFiL, Inc. (2441).  The address of Specialty Products Holding Corp. and Bondex International, Inc. is 4515 St. Clair Avenue, Cleveland, Ohio 44103. The address of Republic Powdered Metals, Inc. and NMBFiL, Inc. is 2628 Pearl Road, Medina, Ohio 44256..

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

DLI-266495662v3

2.     As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3.     The form of the Bar Dates Notice and the Publication Notice and the manner of providing notice of the bar dates established by this Order (the "Bar Dates"), are approved in all respects pursuant to Rules 2002(a)(7) and 2002(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice and other due process requirements of the Bankruptcy Rules, the Local Rules and applicable law.

4.     No later than seven days after the New Debtors file their Schedules, the Debtors, through Logan, shall provide actual notice of the Bar Dates by mailing the Bar Dates Notice and the Proof of Claim Form (collectively, the "Bar Dates Notice Package") by first class United States mail, postage prepaid to:  (i) the Debtors; (ii) all holders of claims listed on the Schedules; (iii) all counterparties to executory contracts and unexpired leases listed in the Schedules; (iv) the District Director of Internal Revenue for the District of Delaware; (v) the Securities Exchange Commission; (vi) the taxing and other regulatory entities for the jurisdictions in which the Debtors do business; (vii) all entities that have requested notices pursuant to Bankruptcy Rule 2002 in these cases as of the date of entry of the Bar Date Order; (viii) International, the equity security holder of SPHC; (ix) RPM Industrial Holdings Company, the equity security holder of Republic; (x) DAP Products Inc., the equity security holder of

DLI-266495662v3

NMBFiL; (xi) all other entities listed on the Debtors' respective matrices of creditors except holders of claims that are not General Claims; and (xii) pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known.  Logan will also mail the Bar Dates Notice Package to the U.S. Trustee, the members of the Committee and the Future Claimants' Representative and their respective counsel.

5.    Except as provided in paragraphs 6 through 10 of this Order, any entity that wishes to assert a General Claim against a Debtor must file a proof of claim in accordance with the procedures described in this Order no later than 45 days after the New Debtors file their Schedules (the "General Bar Date").  The General Bar Date shall be identified in the Bar Dates Notice and the Publication Notice.  Except as otherwise provided in this Order and expressly excluding asbestos personal injury claims, the General Bar Date applies to all claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to May 31, 2010 with respect to claims against SPHC and Bondex, August 15, 2014 with respect to claims against NMBFiL and August 31, 2014, with respect to claims against Republic.

6.    The following entities whose claims otherwise would be subject to the General Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

(a)    any entity that already has properly filed a proof of claim against any of the Debtors in accordance with the procedures described herein;

(b)    any entity (i) whose claim against a Debtor is not listed as disputed, contingent or unliquidated in the Schedules and (ii) that agrees with the nature, classification and amount of its claim as identified in the Schedules;

3

DLI-266495662v3

(c)    any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d)    International or any of its affiliates (as such term is defined in section 101(2) of the Bankruptcy Code);

(e)    any entity holding an asbestos personal injury claim; and

(f)    any Debtor.

7.    The Rejection Bar Date by which a proof of claim relating to the rejection of an executory contract or unexpired lease must be filed is the later of: (a) the General Bar Date; or (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease.

8.    Entities wishing to assert a timely Rejection Damages Claim are required to file a Proof of Claim Form so as to be received by Logan on or before the Rejection Bar Date.

9.    The Amended Schedule Bar Date for creditors holding claims which have been amended in the Schedules or added to the Schedules is the later of: (a) the General Bar Date; or (b) twenty-one (21) days after the date that notice of the amendment is served on the affected claimant.

10.    Entities wishing to assert a timely proof of claim with respect to claims as a result of an amendment or addition to the Schedules are required to file a Proof of Claim Form so as to be received by Logan on or before the Amended Schedule Bar Date. Notwithstanding the foregoing, in the event a Debtor amends its Schedules with respect to any claim that the Debtor states has been satisfied, such paid creditor shall not be required to file a proof of claim with respect to the satisfied claim.

4

11.    Except as otherwise provided herein, the following entities must file a proof of claim on or before the General Bar Date:

(a)    any entity whose General Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)    any entity that believes that its General Claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules.

12.    Any entity asserting a claim must identify on its Proof of Claim Form the particular Debtor against which its claim is asserted, and in the event it asserts its claim against multiple Debtors, must submit a Proof of Claim Form for each Debtor.

13.    Any entity holding an administrative expense claim against any Debtor under section 503(b) of the Bankruptcy Code need not file a proof of claim on or before the General Bar Date.

14.    Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an

5

Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception contained in this Order applies.

15.    Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any creditor whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated that fails to file a proof of claim in these chapter 11 cases by the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting or distribution.

16.    For any proof of claim to be validly and properly filed, a claimant must deliver a completed, signed original of the Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(4), to the claims agent at Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: Specialty Products Holding Corp. Claims Processing Department in person or by courier service, hand delivery or mail so as to be received no later than 5:00 p.m., Eastern Time, on the applicable Bar Date. All such filed proofs of claim must (a) be written in English; (b) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (Eastern Time) on May 31, 2010 with respect to claims against the Initial Debtors, August 15, 2014 with respect to claims against NMBFiL and August 31, 2014 with respect to claims against Republic; and (c) conform substantially with the Proof of Claim Form. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by Logan. If a creditor wishes to receive acknowledgement of Logan's receipt of a proof of claim, the creditor also must submit to Logan by the applicable Bar

DLI-266495662v3

Date and concurrently with its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

17.    In the event that:  (a) one or more Bar Dates Notice Packages are returned by the post office with forwarding addresses, necessitating a mailing to the new addresses; (b) certain parties acting on behalf of parties in interest decline to forward the packages to such parties and instead return their names and addresses to Logan for direct mailing; and (c) additional potential holders of claims become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors shall make supplemental mailings of the Bar Dates Notice Package up to twenty-three (23) days in advance of the Bar Dates, with any such supplemental mailings being deemed timely.

18.    The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Dates Notice Packages is necessary and cannot be accomplished prior to twenty-three (23) days in advance of an applicable Bar Date.  With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least twenty-three (23) days after the date on which Logan mails the notice of each such special bar date.  Such notice will substantially take the form of the Bar Dates Notice (with necessary modifications to reflect the special bar date provisions).  The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date.  In addition to being filed with the Court, Logan shall serve such notice upon counsel to the Committee, counsel to the Future Claimants' Representative, the U.S. Trustee, and those parties who have filed a notice

DLI-266495662v3

of appearance and demand for papers in the chapter 11 cases. A certificate of service shall be filed to evidence the mailing of each special bar date notice to the parties subject thereto.

19.    Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. As to any of the Special Bar Date Parties who may be found to have received effective notice of the Bar Dates, the Debtors shall not have waived the right to assert that the Bar Dates, rather than the special bar date, govern. The Bar Dates will remain effective and fully enforceable with respect to known parties who have received actual notice thereof pursuant to the General Notice or Bar Date Notice.

20.    The Debtors shall cause the Publication Notice to be published within seven days after the New Debtors file their Schedules, or as soon as practicable thereafter, in the *Cleveland Plain Dealer*, *St. Louis Post-Dispatch* and the national editions of *The New York Times*, *The Wall Street Journal*, and *USA Today*.

21.    Logan, the claims agent in the chapter 11 cases, will assist in the mailing of the Bar Dates Notice Packages and the placement of the Publication Notice. Logan is hereby authorized to take all actions set forth in this Order, and the Debtors are hereby authorized to compensate Logan for the services rendered in connection with this Order and to reimburse Logan for any related expenses in accordance with the Agreement of Services dated May 14, 2010 with respect to the Initial Debtors and the Agreement of Services Dated August 29, 2014 with respect to the New Debtors.

22.    The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

8

23.    The Court shall retain jurisdiction over all matters arising out of or related to this Order.

Dated: September 26, 2014

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

9

DLI-266495662v3