**EXHIBIT II**

**VOTING PROCEDURES**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | : | Case No. 10-11780 (PJW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**BALLOT SOLICITATION AND TABULATION PROCEDURES**

                                      Daniel J. DeFranceschi (DE 2732)
                                      Paul N. Heath (DE 3704)
                                      Zachary I. Shapiro (DE 5103)
                                      RICHARDS, LAYTON & FINGER, P.A.
                                      One Rodney Square
                                      920 North King Street
                                      Wilmington, Delaware 19801
                                      Telephone:  (302) 651-7700
                                      Facsimile:  (302) 651-7701

                                                  -and-

                                      Gregory M. Gordon (TX 08435300)
                                      Dan B. Prieto (TX 24048744)
                                      JONES DAY
                                      2727 N. Harwood Street
                                      Dallas, Texas  75201
                                      Telephone:  (214) 220-3939
                                      Facsimile:  (214) 969-5100

                                      ATTORNEYS FOR DEBTORS

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Specialty Products Holding Corp. (0857); Bondex International, Inc. (4125); Republic Powdered Metals, Inc. (4388); and NMBFiL, Inc. (2441).  The address of Specialty Products Holding Corp. and Bondex International, Inc. is 4515 St. Clair Avenue, Cleveland, Ohio 44103.  The address of Republic Powdered Metals, Inc. and NMBFiL, Inc. is 2628 Pearl Road, Medina, Ohio 44256.

1. Definitions ................................................................................................................................1
   a. "2002 List" ....................................................................................................................1
   b. "Asbestos Personal Injury Claims Solicitation Notice" ...............................................1
   c. "Ballot" ..........................................................................................................................1
   d. "Bankruptcy Court" ......................................................................................................1
   e. "Certified Plan Solicitation Directive" .........................................................................1
   f. "Clients" ........................................................................................................................1
   h. "Confirmation Hearing Notice" ...................................................................................1
   i. "Confirmation Objection Deadline" .............................................................................1
   j. "Debtors" ......................................................................................................................1
   k. "Disclosure Statement" ................................................................................................1
   l. "Disclosure Statement Hearing" ..................................................................................1
   m. "Disclosure Statement Notice" ....................................................................................1
   n. "Disclosure Statement Order" ......................................................................................2
   o. "Firm" ...........................................................................................................................2
   p. "General Publication Notice" .......................................................................................2
   q. "Master Ballot" .............................................................................................................2
   r. "Plan" ............................................................................................................................2
   s. "Rule 3018 Motion" .....................................................................................................2
   t. "Solicitation and Tabulation Procedures Order" ..........................................................2
   u. "Solicitation Package" ..................................................................................................2
   v. "Voting Agent" .............................................................................................................2
   w. "Voting Deadline" ........................................................................................................2
   x. "Voting Record Date" ..................................................................................................2
2. Publication Notice .....................................................................................................................3
3. Availability of Plan-Related Documents on the Internet .........................................................3
4. Distribution of Certain Documents on CD-ROM ....................................................................3
5. Distribution of Solicitation Packages .......................................................................................3
   a. Asbestos Personal Injury Claims .................................................................................3
   b. Asbestos Personal Injury Indirect Claims ...................................................................3
   c. Holders of Claims or Interests other than Asbestos Personal Injury Claims .....................3
   d. Other Parties ................................................................................................................3
   e. Distribution of Solicitation Packages to Undeliverable Addresses Not Required;
      Procedures for Returned Solicitation Packages ..........................................................3
6. Special Procedures Relating to Asbestos Personal Injury Claims ...........................................4

7. Return of Ballots ........................................................................................................... 7
    a. Authority to Complete and Execute Ballots .................................................... 7
8. Tabulation of Ballots .................................................................................................... 8
    a. Claimants That Are Entitled to Vote ............................................................... 8
    b. General Tabulation Rules ................................................................................ 8

**SPECIALTY PRODUCTS HOLDING CORP., *ET AL.***
**BALLOT SOLICITATION AND TABULATION PROCEDURES**

The following procedures (the "Voting Procedures")[1] have been approved by the Bankruptcy Court in connection with (a) the distribution of solicitation materials for voting to accept (i.e., voting in favor of) or reject (i.e., voting against) the Plan (as hereinafter defined) and (b) the return and tabulation of Ballots and Master Ballots (as hereinafter defined).

1.  **Definitions**

    a.  "**2002 List**" means the general service list maintained by the Debtors in their chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and related orders of the Bankruptcy Court.

    b.  "**Asbestos Personal Injury Claims Solicitation Notice**" means the notice sent to all known Firms that (i) advises the Firms of the date, time and place of the Disclosure Statement Hearing and the deadline and procedure for asserting objections to the approval of the Disclosure Statement or the Debtors' motion to approve the Voting Procedures; (ii) details proposed procedures for soliciting votes on the Plan from each Entity holding or asserting on behalf of another Entity an Asbestos Personal Injury Claim; and (iii) requests that each Firm complete and return the Certified Plan Solicitation Directive to the Voting Agent on or before October 13, 2014.

    c.  "**Ballot**" means the form or forms distributed to each holder of an Asbestos Personal Injury Claim (or the Firm representing each such holder) entitled to vote on the Plan.

    d.  "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

    e.  "**Certified Plan Solicitation Directive**" means the certified plan solicitation directive, pursuant to which, among other things, each Firm representing one or more holders of Asbestos Personal Injury Claims will direct the Debtors and the Voting Agent as to the preferred method for the solicitation of votes on the Plan by such Firm's Clients.

    f.  "**Clients**" means the clients of Firms who are holders of Asbestos Personal Injury Claims (other than Asbestos Personal Injury Indirect Claims).

    g.  "**Confirmation Hearing**" means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

    h.  "**Confirmation Hearing Notice**" means a notice, substantially in the form approved by the Bankruptcy Court, setting forth, among other things, the time fixed for voting to accept or reject the Plan, the Confirmation Hearing Deadline, and the date and time on which the Confirmation Hearing is scheduled to begin.

    i.  "**Confirmation Objection Deadline**" means the date that is established by the Bankruptcy Court as the deadline for filing objections to confirmation of the Plan.

    j.  "**Debtors**" means, collectively, Specialty Products Holding Corp., Bondex International, Inc., Republic Powdered Metals, Inc. and NMBFiL, Inc.

    k.  "**Disclosure Statement**" means the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Plan of Reorganization of Specialty Products Holding Corp., Bondex International, Inc., Republic Powdered Metals, Inc. and NMBFiL, Inc. (including all exhibits) that relates to the Plan, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, as the same may be amended.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Joint Plan of Reorganization of Specialty Products Holding Corp., Bondex International, Inc., Republic Powdered Metals, Inc. and NMBFiL, Inc, dated September 26, 2014, as it may be amended (the "Plan").

**l.**   "**Disclosure Statement Hearing**" means the hearing to be held on October 20, 2014 at 10:00 a.m. (prevailing Eastern Time) by the Bankruptcy Court to consider approval of the Disclosure Statement.

**m.**   "**Disclosure Statement Notice**" means the notice of the date, time and place of the Disclosure Statement Hearing and the deadline and procedures for filing objections to the Disclosure Statement.

**n.**   "**Disclosure Statement Order**" means the order of the Bankruptcy Court approving, among other things, the Disclosure Statement, the form of the Solicitation Package and approving these ballot solicitation and tabulation procedures.

**o.**   "**Firm**" means an attorney or law firm that represents one or more Clients.

**p.**   "**General Publication Notice**" means a published notice substantially in the form approved by the Bankruptcy Court of: (i) approval of the Disclosure Statement and the scheduling of the Confirmation Hearing, (ii) the Voting Deadline, (iii) the Confirmation Deadline, and (iv) the procedure to obtain a Solicitation Package.

**q.**   "**Master Ballot**" means a Ballot submitted on behalf of one or more Clients pursuant to section 6 of these Solicitation and Tabulation Procedures.

**r.**   "**Plan**" means the Joint Plan of Reorganization of Specialty Products Holding Corp., Bondex International, Inc., Republic Powdered Metals, Inc. and NMBFiL, Inc, dated September 26, 2014, as it may be amended.

**s.**   "**Plan Confirmation Notice Plan"** means the plan confirmation notice plan designed by The Garden City Group, Inc., the Debtors' plan notice consultant.

**t.**   "**Rule 3018 Motion**" means a motion, pursuant to Bankruptcy Rule 3018(a), seeking an order temporarily allowing a Claim, solely for purposes of voting to accept or reject the Plan, in an amount or classification different from the amount or classification allowed in accordance with these Solicitation and Tabulation Procedures.

**u.**   "**Solicitation Package**" means, and will consist of, all of the following:

   i.   A Confirmation Hearing Notice;

   ii.   One or more letters recommending acceptance of the Plan;

   iii.   The Disclosure Statement;[2]

   iv.   For potential holders of Asbestos Personal Injury Claims, an appropriate form of Ballot, voting instructions and a Ballot-return envelope;

   v.   If requested pursuant to section 6.b(iii), letters or other communications from a Firm to its Clients; and

   vi.   Any other materials authorized by the Bankruptcy Court to be included as part of the Solicitation Package.

**v.**   "**Voting Agent**" means Logan & Company, Inc.  maintaining an address at 546 Valley Road, Upper Montclair, New Jersey 07043 (Attn: SPHC Voting Department); 973-509-3190; sph@loganandco.com.

**w.**   "**Voting Deadline**" means the date that is established by the Bankruptcy Court as the deadline for the return of Ballots on the Plan.

---

[2]   The Plan is an Exhibit to the Disclosure Statement.  The Disclosure Statement included with the Solicitation Package will include any exhibits to the Plan and Disclosure Statement that are Filed with the Bankruptcy Court on or before the Disclosure Statement Hearing.

      x.    "**Voting Record Date**" means October 20, 2014 or such other date as the Bankruptcy Court establishes at the Disclosure Statement Hearing.

**2.    Publication Notice**

The Debtors will, on a date not less than twenty-five days prior to the Confirmation Objection Deadline, or as soon as possible thereafter, cause the General Publication Notice to be published once in each of (a) *Cleveland Plain Dealer,* (b) *St. Louis Post-Dispatch* and (c) the national editions of (1) *The New York Times*, (2) *The Wall Street Journal*, and (3) *USA Today*. In addition, on a date not less than twenty days prior to the Confirmation Objection Deadline, the Debtors will publish the Asbestos Publication Notice in those newspapers, magazines, websites, mailings and press releases set forth in the Plan Confirmation Notice Plan.

**3.    Availability of Plan-Related Documents on the Internet**

All Plan-related documents, including the Disclosure Statement, are or will be available via the Internet on the Voting Agent's website at www.loganandco.com and on the Bankruptcy Court's docket at www.deb.uscourts.gov [PACER log-in required].

**4.    Distribution of Certain Documents on CD-ROM**

The Solicitation Packages will include a CD-ROM containing the Disclosure Statement and the exhibits thereto, including the Plan, that have been filed with the Bankruptcy Court before the date of the mailing. Any party in interest may obtain a paper copy of the applicable documents by sending a request, in writing, to the Voting Agent either though mail, overnight delivery, or electronic mail to sph@loganandco.com. Any such request must be received by the Voting Agent at least ten Business Days prior to the Voting Deadline. The Voting Agent will make reasonable effort to cause a paper copy of the applicable documents to be deposited with the United States Postal Service or overnight delivery service within two Business Days of receiving the written request.

**5.    Distribution of Solicitation Packages**

    **a.**    Asbestos Personal Injury Claims

    The Voting Agent will cause Solicitation Packages to be served in connection with Asbestos Personal Injury Claims (other than Asbestos Personal Injury Indirect Claims) in the manner described in section 6 hereof.

    **b.**    Asbestos Personal Injury Indirect Claims

    The Voting Agent will cause Solicitation Packages to be served upon holders of Asbestos Personal Injury Indirect Claims as identified by the Debtors based on their records.

    **c.**    Holders of Claims or Interests other than Asbestos Personal Injury Claims

    The Voting Agent will cause Solicitation Packages without Ballots to be served on holders of Claims or Interests in classes other than Classes 4a and 4b as of the Voting Record Date.

    **d.**    Other Parties

    The Voting Agent will cause a Solicitation Package to be served upon counsel to the Asbestos Personal Injury Committee, counsel to the Future Claimants' Representative, counsel to International, the United States Trustee, the Securities and Exchange Commission and each party on the 2002 List.

    **e.**    Distribution of Solicitation Packages to Undeliverable Addresses Not Required; Procedures for Returned Solicitation Packages

    To the extent that Disclosure Statement Notices are returned by the United States Postal Service as undeliverable as a result of incomplete or inaccurate addresses, the Voting Agent will not mail Solicitation Packages to such addresses unless the Debtors or the Voting Agent are provided with accurate addresses for such entities, in writing, on or before the date of the Disclosure Statement Hearing. If a Solicitation Package is returned as undeliverable, the Voting Agent shall resend such Solicitation Package only once, provided that

the United States Postal Service has included a forwarding address at least five Business Days before the Voting Deadline.

6. **Special Procedures Relating to Asbestos Personal Injury Claims**

    **a.**    Procedures Related to Asbestos Personal Injury Indirect Claims

        i.    Service on Holders of Asbestos Personal Injury Indirect Claims

The Voting Agent will cause a Solicitation Package to be served upon each holder of an Asbestos Personal Injury Indirect Claim as identified by the Debtors based on their records.

        ii.    Tabulation of Votes

Each holder of an Asbestos Personal Injury Indirect Claim will have a single vote in the amount, for voting purposes only, of $1.00.

    **b.**    Procedures Related to Asbestos Personal Injury Claims (Other Than Asbestos Personal Injury Indirect Claims)

        (i)    Initial Distribution of Solicitation Packages and Mailing of Asbestos Personal Injury Claims Solicitation Notice and Certified Plan Solicitation Directives

On or before October 6, 2014, the Voting Agent will serve an Asbestos Personal Injury Claims Solicitation Notice and a Certified Plan Solicitation Directive on all known Firms.

        (ii)    Certified Plan Solicitation Directive

            (A)    Each Firm returning the Certified Plan Solicitation Directive must deliver it to the Voting Agent.

            (B)    Each Firm returning the Certified Plan Solicitation Directive must deliver it so that it is received no later than October 13, 2014.

            (C)    Pursuant to the Certified Plan Solicitation Directive, each Firm will direct the Voting Agent to solicit votes on the Plan from its Clients, according to one of the following procedures:

                (1)    <u>Master Ballot Solicitation Method</u>. If a Firm certifies that it has the authority under applicable law to vote on behalf of its Clients, the Firm may direct the Voting Agent to serve the Firm with one Solicitation Package and one Master Ballot on which the Firm must record the votes on the Plan for each of its Clients. If the Firm elects this procedure, the Firm may also request that, for informational purposes, the Voting Agent serve Solicitation Packages (without a Ballot) on its Clients.

                (2)    <u>Direct Solicitation Method</u>. If a Firm does not have the authority to vote on behalf of its Clients, or if a Firm prefers to have each of its Clients cast their own votes on the Plan, such Firm may direct the Voting Agent to solicit votes on the Plan directly from its Clients.

                (3)    <u>Indirect Solicitation Method</u>. If a Firm does not have the authority to vote on behalf of its Clients or the attorney prefers to have the Clients cast their own votes on the Plan, the attorney may direct the Voting Agent to deliver the Solicitation Packages to the Firm, which will, in turn, deliver the Solicitation Packages to its Clients. If the Firm selects this method: (i) the Voting Agent will cause the requested number of Solicitation Packages, including appropriate Ballots, to be served on the Firm; (ii) the Firm must deliver the Solicitation Packages to the Clients within three Business Days after receipt; and (iii) the Firm must file an affidavit of service with the Bankruptcy Court, and send a

        copy of such affidavit to the Voting Agent, within three Business Days of such service.  The names and addresses of the Clients served, however, do not need to be listed on the affidavit of service.  The affidavit of service only needs to state that service was completed, the date(s) that service was completed and the attorney has provided or will provide the Voting Agent with the required lists of clients, as described in subsection (D) below.

    (4)    <u>Hybrid Solicitation Method</u>,  If a Firm certifies that it has the authority under applicable law to vote, and intends to exercise that power, only for certain of the Clients (collectively, the "<u>Master Ballot Clients</u>"), the Firm may direct the Voting Agent to serve the Firm with one Solicitation Package and one Master Ballot on which the Firm must record the votes with respect to the Plan for the Master Ballot Clients.  The Firm also may request that, for informational purposes, the Voting Agent serve Solicitation Packages (without a Ballot) on the Master Ballot Clients.  With respect to such Firm's other Clients that are not Master Ballot Clients (collectively, the "<u>Individual Ballot Clients</u>"), the Firm must elect the procedure under either the Direct Solicitation Method (subsection (2) above) or the Indirect Solicitation Method (subsection (3) above).

    (5)    If a Firm fails to timely return the Certified Plan Solicitation Directive to the Voting Agent, or otherwise fails to select a solicitation method by October 13, 2014, the Firm shall be deemed to have directed the Voting Agent to solicit votes on the Plan from the Clients according to the Master Ballot Solicitation Method described in subsection (1) above without informational packages unless otherwise agreed to among the Debtors, the Voting Agent, and the Firm.

    (6)    If a Firm certifies that it does not represent any Clients, such Firm may direct the Voting Agent to omit such Firm from the Debtors' solicitation of votes on the Plan and may request that it be removed from the service list in the above-captioned cases.

(D)    Client Lists

To facilitate the solicitation of votes on the Plan, each Firm should submit, as applicable, one or two lists of Clients (the "<u>Client List</u>") to the Voting Agent, which lists are subject to the following requirements:

    (1)    The Client List(s) must be in Excel or a comparable electronic format on CD-ROM.  If a Firm returning the Certified Plan Solicitation Directive has fewer than 100 Clients, then such Firm may provide the Client List in hard copy.  Firms may contact the Voting Agent at 973-509-3190 with any technical questions or to arrange for special delivery of the Client List(s).

    (2)    The Client List(s) must contain the name and last four digits of the social security number for each of the Clients.  If the Firm is returning its Client List as an exhibit to a Master Ballot, such Client List must also indicate (1) whether each Client voted to accept (<u>i.e.</u>, voted in favor of) or reject (<u>i.e.</u>, voted against) the Plan and (2) the appropriate Disease Category. If the Firm is requesting that the Voting Agent directly serve Solicitation Packages on some or all of its Clients, the Client List must also include an address for each of those Clients. If a Firm selects the Hybrid Solicitation Method described in section 6.b(ii)(C)(4), the attorney must return two Client Lists: one for the Master Ballot Clients and one for the Individual Ballot Clients.

   (3) Firms are required to submit their Client List(s) as follows:

    i. Client List(s) must be submitted to the Voting Agent, Logan & Company, Inc., 546 Valley Road, Upper Montclair, NJ 07043 (Attn: SPHC Voting Department).

    ii. If a Firm selects the Master Ballot Solicitation Method described in section 6.b(ii)(C)(1), the Client List must be submitted as the exhibit to the Master Ballot on or before the Voting Deadline.

    iii. If a Firm selects the Direct Solicitation Method described in section 6.b(ii)(C)(2), the Client List (which must include addresses) must be submitted on or before October 20, 2014. To the extent that the Client List is not submitted by the deadline, the Debtors and the Voting Agent will distribute Solicitation Packages for the affected Clients as soon as practicable after the receipt of such Client List.

    iv. If a Firm selects the Indirect Solicitation Method described in section 6.a(ii)(C)(3), the Client List must be submitted on or before October 20, 2014.

    v. If a Firm selects the Hybrid Solicitation Method described in section 6.b(ii)C)(4), the Master Ballot Client List must be submitted as the exhibit to the Master Ballot on or before the Voting Deadline and the Individual Ballot Client List must be submitted on or before October 20, 2014, for both the Direct Solicitation Method and Indirect Solicitation Method.

 (iii) Distribution of Solicitation Packages Pursuant to Certified Plan Solicitation Directives

  (A) The Voting Agent will serve the Solicitation Packages in accordance with the instructions set forth in the Certified Plan Solicitation Directives on the later of five Business Days after receipt thereof or thirty-five days prior to the Voting Deadline. If a Certified Plan Solicitation Directive instructs the Voting Agent to serve the Solicitation Packages directly or indirectly on the Firm's Clients, the five Business Day period will not begin until the Voting Agent receives the Client List required in section 6.b(ii)(D).

  (B) A Firm electing to vote by Master Ballot may, via the Certified Plan Solicitation Directive, request that the Voting Agent serve non-voting Solicitation Packages on such Firm's Clients for informational purposes only. The Firm must provide the Voting Agent with a list of such Client addresses on or before October 20, 2014.

  (C) A Firm may elect to include a letter or other communication from the Firm to its Clients with the Solicitation Packages. If the Voting Agent is to serve Solicitation Packages (either for voting or for informational purposes) directly on a Firm's Clients, such Firm must so notify the Voting Agent via the Certified Plan Solicitation Directive if the Firm desires to include a letter or other communication and provide the letter or other communication to the Voting Agent on or before October 20, 2014.

  (D) If a Firm chooses to transmit the Solicitation Packages to the Clients directly:

   (1) The Firm must serve the Solicitation Packages on its Clients within three Business Days after receipt of such packages and, within three Business Days thereafter, file an affidavit of service with the Bankruptcy Court and provide a copy of such affidavit to the Voting Agent. The affidavit of service does not need to list the names and addresses of the Clients served, but should state that service was completed, the date(s) service was completed and that, for the Clients served, the Firm has provided the Voting Agent with the required Client List.

  (2)  The Debtors will reimburse such Firm for the actual postage incurred by the Firm in transmitting such Solicitation Packages by regular, first-class mail. Firms seeking reimbursement shall submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement to Jones Day, Attn: Dan Prieto, 2727 North Harwood Street, Dallas, Texas 75201.

 (iv) Completion and Return of Master Ballots by the Firms

Firms shall be permitted to cast Master Ballots for Clients, but only to the extent that those Firms (i) have the authority under applicable law to vote on behalf of its Clients and (ii) indicate such on the Certified Plan Solicitation Directive returned to the Voting Agent. Each Firm voting on behalf of individual Clients shall complete a Master Ballot, which will set forth the votes cast by such Firm on behalf of any such Clients. The following procedures shall govern the completion and return of a Master Ballot:

  (A) Summarizing Votes on the Master Ballot

Each Firm completing a Master Ballot must indicate one of the following: (A) all of the Clients listed on the exhibit described below voted to accept the Plan; (B) all of the Clients listed on the exhibit voted to reject the Plan; or (C) some of the Clients voted to accept the Plan, while other of the Clients voted to reject the Plan. The Firms completing such Ballots also must summarize the votes cast by the Clients listed on the exhibit, according to such Clients' Disease Category.

  (B) Exhibit to the Master Ballot

   (1) Each Firm shall prepare an exhibit to the Master Ballot that lists the name, the last four digits of the social security number, the address and the Disease Category for each Client on whose behalf the Firm is submitting a vote and indicates whether each Client voted to accept (i.e., voted in favor of) or reject (i.e., voted against) the Plan.

   (2) The exhibit must be in Excel or a comparable electronic format on CD-ROM. If the Firm completing the Master Ballot has less than 100 Clients, then such Firm may provide the exhibit to the Master Ballot in hard copy.

   (3) The exhibit and the completed Master Ballot must be submitted to the Voting Agent in accordance with section 7 of these Solicitation and Tabulation Procedures.

  (C) Certification by Firm of Authority to Vote

   (1) The Master Ballot will contain certain certifications, under penalty of perjury pursuant to 28 US.C § 1746, that the attorney preparing and signing the Master Ballot has the authority, under applicable law, to cast a Ballot on the Plan on behalf of the holders of each of the Asbestos Personal Injury Claims listed on the exhibit to the Master Ballot.

   (2) The Master Ballot also will contain a certification, under penalty of perjury pursuant to 28 U S C § 1746, that (a) each of the individuals set forth on the exhibit to the Master Ballot has been exposed to an asbestos-containing product and (b) the disease category for each individual as set forth on the exhibit to the Master Ballot is true and correct based on medical records or similar documentation in such individual's file.

   (3) If the attorney is unable to make the above certifications on behalf of any Client, the attorney may not cast a vote on behalf of such Client. Such attorney must, via the Certified Plan Solicitation Directive in accordance with the section 6.b(ii) above, select either the Direct Solicitation Method described in section 6.b(ii)(C)(2) or the Indirect Solicitation Method described in section 6.b(ii)(C)(3) with respect to the attorney's affected Clients.

**7.**     **Return of Ballots**

     **a.**     Authority to Complete and Execute Ballots

If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or any other entity acting in a fiduciary or representative capacity, such person must indicate such capacity when signing. The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed, but each such signatory shall certify, by executing the Ballot, that he or she has such authority and shall provide evidence of such authority upon request of the Voting Agent.

     **b.**     Method for Transmitting, and Place to Send, Completed Ballots

All Ballots should be returned by mail, overnight or hand-delivery service to the Debtors' Voting Agent. The Voting Agent will not accept Ballots submitted by facsimile or electronic transmission.

     **c.**     Deadline for Receiving Completed Ballots

All Ballots must be *received* by the Voting Agent by 5:00 p.m., prevailing Eastern Time on the Voting Deadline. The Voting Agent will date and time-stamp all Ballots when received. In addition, the Voting Agent will retain a copy of all Ballots for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.

**8.**     **Tabulation of Ballots**

     **a.**     Claimants That Are Entitled to Vote

Except as otherwise provided in section 8.b, each claimant that holds an Asbestos Personal Injury Claim is entitled to vote to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan. Holders of Claims or Interests in all other Plan classes are unimpaired and are deemed to accept the Plan.

     **b.**     General Tabulation Rules

         (i)     Asbestos Personal Injury Indirect Claims

            (A)     Each holder of an Asbestos Personal Injury Indirect Claim will have a single vote in the amount, for voting purposes only, of $1.00

            (B)     The temporary allowance of Asbestos Personal Injury Indirect Claims in the amount of $1.00 is solely for voting purposes and does not constitute an allowance of such Claims for purposes of distribution under the Asbestos Personal Injury Trust and is without prejudice to the rights of the holders of Asbestos Personal Injury Indirect Claims or the Debtors and the Asbestos Personal Injury Trust in any other context.

         (ii)     Asbestos Personal Injury Claims (Other Than Asbestos Personal Injury Indirect Claims)

            (A)     Each holder of an Asbestos Personal Injury Claim will have a single vote in the amount, for voting purposes only, that corresponds to such holder's Disease Category, as indicated on a Ballot cast by such holder or on a Master Ballot cast on behalf of such Client. If a holder of an Asbestos Personal Injury Claim or a Firm is unable to certify on a Ballot that the claimant meets the medical and exposure criteria for any of the Disease Categories but otherwise certifies on the Ballot that the claimant has been exposed to an asbestos-containing product such that claimant holds an Asbestos Personal Injury Claim as defined in the Plan, the claimant will, for voting purposes only, be considered to have a claim in the amount of $1.00.

            (B)     The Disease Categories applicable to Asbestos Personal Injury Claims, along with the corresponding medical and exposure criteria and the allowed amount for such Claims for voting purposes, which are based on criteria in the respective Asbestos Personal Injury Trust Distribution Procedures are as follows:

(1)  *Other Asbestos Disease (Level I)* Requires:  (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease[3] or an asbestos-related malignancy other than mesothelioma, and (2) SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982.

**Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $1.**

**Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $1**.

(2)  *Asbestosis/Pleural Disease (Level II)* Requires:  (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease, and (2) six months SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31,1982, and (3) five years cumulative occupational exposure to asbestos.

**Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $1,200**.

**Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $1,200.**

(3)  *Asbestosis/Pleural Disease (Level III)* Requires:  (1) Diagnosis of Bilateral Asbestos-Related Nonmalignant Disease, plus (a) TLC less than 80%, or (b) FVC less than 80% and FEV1/FVC ratio greater than or equal to 65%, and (2) six months SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982, (3) Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question.

**Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $3,700**.

**Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $3,700.**

(4)  *Severe Asbestosis (Level IV)* Requires:  (1) Diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestos, plus (a) TLC less than 65%, or (b) FVC less than 65% and FEV1/FVC ratio greater than 65%, (2) six months SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982, (3) Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure us a contributing factor in causing the pulmonary disease in question.

**Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $25,000**.

**Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $25,000.**

(5)  *Other Cancer (Level V)* Requires:  (1) Diagnosis of a primary colo-rectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, (2) six months SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to

---

[3]  As such capitalized terms are defined in the Voting Information and Instructions for Completing the Ballot for Classes 4a and 4b.

        December 31, 1982, (3) Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question.

        **Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $10,000**.

        **Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $10,000.**

(6) *Lung Cancer 2 (Level VI)* Requires: (1) Diagnosis of a primary lung cancer, (2) SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982, and (3) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.

        **Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $9,250**.

        **Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $9,250.**

(7) *Lung Cancer 1 (Level VII)* Requires: (1) Diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, (2) six months SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982, (3) Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.

        **Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $50,000**.

        **Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $50,000.**

(8) *Mesothelioma (Level VIII)* Requires: (1) Diagnosis of mesothelioma; and (2) SPHC Parties Exposure or NMBFiL Exposure, as applicable, prior to December 31, 1982.

        **Claim amount for voting purposes only with respect to SPHC Asbestos Personal Injury Claims: $125,000**.

        **Claim amount for voting purposes only with respect to NMBFiL Asbestos Personal Injury Claims: $125,000.**

(C) For purposes of computing votes, each holder of an Asbestos Personal Injury Claim shall be deemed to have voted the full amount of such Asbestos Personal Injury Claim according to the Disease Category specified for such Asbestos Personal Injury Claim.

(D) The temporary allowance of an Asbestos Personal Injury Claim in the amount corresponding to the Disease Category designated by, or on behalf of, the holder of such Claim is solely for voting purposes and does not constitute an allowance of such Claim for purposes of distribution under the Asbestos Personal Injury Trust Distribution Procedures and is without prejudice to the rights of the holder of an Asbestos Personal Injury Claim or the Asbestos Personal Injury Trust in any other context.

(E) If no Disease Category is selected for an Asbestos Personal Injury Claim, the Voting Agent shall treat the vote cast in respect of such Asbestos Personal Injury Claim as Other Asbestos Disease (Level I).

(F) If more than one Disease Category is selected for any Asbestos Personal Injury Claim, the Voting Agent shall count the vote cast in respect of such Asbestos Personal Injury Claim in the amount corresponding to the Disease Category with the highest allowed amount from those Disease Categories selected.

(G) Multiple Master Ballots may be completed and delivered to the Voting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s), rather than supersede(s), the earlier Master Ballot(s), the Firm submitting such Master Ballot should mark the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.

(H) If two or more Master Ballots are received from separate Firms, each of whom purports to represent the same Client, the vote for the Client appearing on both Master Ballots will be counted only once and only if such votes are consistent with respect to acceptance or rejection of the Plan. In the event that the votes are not consistent, none of the votes will be counted. In the event the Disease Level asserted with respect to the Client is inconsistent, the disease category with the highest allowed amount will be counted.

(iii) Additional Rules for the Tabulation of Ballots

(A) Only Ballots cast by those entitled to vote, pursuant to section 8.a of these Solicitation and Tabulation Procedures, will be counted as votes to accept or votes to reject the Plan.

(B) Only those Ballots that are received by the Voting Agent in the manner set forth in section 7.b by the Voting Deadline will be counted as votes to accept or to reject the Plan.

(C) Any Ballot that (i) is incomplete (including, without limitation, a Master Ballot on which the attorney fails to make the required certification or fails to include the required exhibit), (ii) is unsigned, (iii) is illegible, or (iv) contains insufficient information to identify the Client/individual casting the Ballot, will not be counted as a vote to accept (i.e., vote in favor of) or reject (i.e., vote against) the Plan.

(D) Any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan will not be counted as either a vote to accept (i.e., vote in favor of) or a vote to reject (i.e., vote against) the Plan.

(E) If more than one Ballot is cast for the same Asbestos Personal Injury Claim before the Voting Deadline, the latest dated Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots.

(F) If multiple Ballots are cast for the same Asbestos Personal Injury Claim from an individual and someone purporting to be such individual's attorney or agent, only the Ballot received from the individual will be counted.

(iv) Additional Procedures and Standard Assumptions

(A) The Voting Agent, in its discretion, may contact voters to cure any defects in the Ballots or Master Ballots.

(B) Any voter that delivers a valid Ballot may withdraw such Ballot by delivering a written notice of withdrawal to the Voting Agent before the Voting Deadline. To be valid, the notice of withdrawal must (i) be signed by the party who signed the Ballot to be revoked and (ii) be received by the Voting Agent before the Voting Deadline. The Debtors may contest the validity of any withdrawals.

    (C)    There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

    (D)    If, for voting purposes, any claimant seeks to challenge the allowed amount of its Claim as set forth in these Solicitation and Tabulation rules, such claimant must file a Rule 3018 Motion and serve such motion on the Debtors so that it is received on or before the deadline set forth in the Disclosure Statement Order, which will be approximately 12 days before the Voting Deadline. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with these Solicitation and Tabulation Procedures unless and until, after notice and a hearing, the underlying Claim is temporarily allowed by the Court for voting purposes only in a different amount.